MADDOX, Justice.
Plaintiff filed a claim against Southern Life & Health Insurance Company, and J. Tolbert, individually, in which he claimed that he was entitled to the proceeds of an alleged insurance policy, which apparently was never issued to him.
Plaintiff filed his complaint on May 31, 1984, and amended it four times, on some occasions at the direction of the trial judge. On December 2, 1985, the trial judge heard oral argument on the defendants’ motion to dismiss the complaint, and the defendants offered and argued several grounds in support of their motion, including one to the effect that the plaintiff’s complaint failed to aver fraud and deceit with the particularity required by Rule 9(b), Ala.R.Civ.P. Defendants, by motion, appropriately raise the inadequacy of plaintiff’s complaint. Both sides also argued issues relating to whether defendants’ interrogatories to the plaintiff had been answered with enough specificity. At the hearing on the motion, plaintiff argued that, based on information available to him, he had supplied answers as extensive and as specific as possible. After hearing arguments on defendants’ motion to dismiss the amended complaint and on their claim that plaintiff had failed to answer their interrogatories sufficiently, the trial court entered an order which read as follows: “After argument of counsel and review of the record, Motion to Dismiss Amended Complaint is hereby Granted; Case is hereby Dismissed, /s/ Samuel Adams.”
On appeal, plaintiff states only one issue; he states that “issue” as follows:
“Plaintiff cites Rule 33(a) ARCP [sic] Though party may not have duty to search out any information, he has duty to provide all information available to him. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 [ (Ala.1981) ].”
His argument on this “issue” is limited to this brief statement:
“This plaintiff has provided to the defendants all of the information that he had before him at the time of answering the interrogatories filed by the defendants. This plaintiff cannot from a realistic point of view provide information that he has no knowledge of.
“The defendants collected the premiums of the plaintiff and in so collecting lead [sic] him to believe that he did in *602 fact have a policy of insurance in force, when in fact he did not.
“Plaintiff also alleged in his complaint that such conduct on the part of the defendants was fraudulent and misrepresented the facts to the plaintiff. In view of the foregoing, the plaintiff prays that this Court will reverse the trial judge and require that this case be re-set on the trial docket.
“Appellant respectfully requests that the Court set aside the lower court’s order on the motion to dismiss.”
Of course, the brief order entered by the trial judge granting the defendants' motion to dismiss the complaint as amended does not specify upon which ground of defendants’ argument he based his judgment. The law states that where an appellant does not raise particular issues on appeal, this Court will not review them. White v. Law, 454 So.2d 515 (Ala.1984), Barrett v. Farmers & Merchants Bank of Piedmont, 451 So.2d 257, 261 (Ala.1984); Mullins v. Mullins, 416 So.2d 1063, 1066 (Ala.Civ.App.1982).
We are always reluctant to affirm the granting of a motion dismissal of a complaint, in view of our liberal rules regarding notice pleading. Plaintiff’s initial complaint was filed on May 31, 1984, and the judgment was entered on December 2, 1985. The record reflects extensive efforts on the part of the defendants to compel compliance with our liberal Rules of Civil Procedure.
We have discussed the efforts made on the part of the defendants to secure compliance with the rules of procedure to show that-we are reluctant to dismiss any claim which may have merit. Because of the failure of the plaintiff to comply with these rules in the trial court, and the failure of the plaintiff to present to our Court any legal basis to reverse the judgment, we are compelled to take the action we do; therefore, in view of the state of this record, and because of the limited “issue” which appellant raises on appeal, we are of the opinion that the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.