HOUSTON, Justice.
This is the second appeal in this case. In the first appeal, Lott v. City of Daphne, 539 So.2d 241 (Ala.1989), which more than adequately sets forth the pertinent facts of *545 this case, the Court reversed and remanded for a jury trial. The jury returned a $7,500 verdict for Wade D. Lott against the City of Daphne for damage to Lott’s property caused by the City’s storm drainage system. Lott did not appeal; the City paid the $7,500 into the court, and Lott accepted it in satisfaction of the judgment entered on his claim for monetary damages. However, Lott limited the satisfaction of the judgment against him solely to his claim for monetary damages by wording the satisfaction so as to reserve his right to prosecute his claim seeking an injunction directing the City to properly maintain Mazie’s Gulch as a part of its storm drainage system. The City moved the trial court to require Lott to fully satisfy his claims for monetary damages and for equitable relief. Thereafter, Lott requested a hearing on his equitable claim, seeking relief against the City “with respect to the [City’s] negligent maintenance of Mazie’s Gulch as a part of the [City’s] storm water drainage system.” No hearing was held. Thereafter, the trial court denied Lott’s petition for a permanent injunction against the City; and, after having found that all of the claims had been disposed of, the trial court dismissed the case with prejudice. Lott appeals from the order denying the injunction. We affirm.
Injunctions are rarely a matter of right, and when an injunction is sought, the trial court is vested with broad discretion. See Hood v. Neil, 502 So.2d 749 (Ala.1987). To establish an abuse of discretion in the trial court’s denying or granting injunctive relief, it must be shown that the trial court committed a clear or palpable error. See Alabama Power Co. v. Drummond, 559 So.2d 158 (Ala.1990).
Suffice it to say, without further discussion, that the record does not show that the trial court abused its discretion or was palpably wrong in denying Lott injunctive relief.
AFFIRMED.
HORNSBY, C.J., and MADDOX and KENNEDY, JJ., concur.
SHORES, J., concurs in the result.