WOODALL, Justice.
 

 Arising out of an action commenced by Gary A. Soutullo and Janet L. Soutullo against Mobile County (“the County”) seeking, among other things, compensation for storm-water damage, these three appeals involve the Soutullos’ challenges to a judgment on the merits for the County as a matter of law (“JML”)(case no. 1090041), and to two orders disposing of motions filed by the Soutullos (case no. 1090622) and the County (case no. 1090932) seeking fees or costs in the litigation. We affirm the judgment and the orders in all three cases.
 

 
 *736
 

 I. Factual and Procedural Background
 

 Between September 23, 2002, and April 16, 2003, the County constructed a public-improvement drainage project known as the “Heid Place Storm Water Drainage System” (“the project”). Since the project was constructed, the Soutullos’ property has experienced flooding, which they attribute to the County’s construction or maintenance of the project. On October 15, 2005, Gary Soutullo wrote a letter to the County’s engineering department complaining that his property was being repeatedly flooded by “drainage from [Heid Place].” On November 13, 2006, the Sou-tullos sent the County a “statement of claim,” claiming damage from flood events occurring on August 8, 2006, and November 6, 2006.
 

 On November 29, 2006, the Soutullos sued the County. The complaint stated that the County had “adopted standards or regulations” for storm-water-drainage systems in Mobile County and alleged that it had negligently
 
 “fail[ed] to maintain an adequately designed”
 
 system. (Emphasis added.) More specifically, the complaint alleged:
 

 “3. In establishing such systems, which are applicable to the property owned by the [Soutullos], and in establishing standards for the maintenance of said storm water and surface water systems, the [County] has been negligent as the standards adopted for the capacity of such drains and the outfall of such drains owned and maintained by the County to handle storm water and surface water runoff are too low;
 
 the storm water and surface water drainage systems are inadequate; the maintenance of such system is negligently performed or negligently omitted.
 

 “4.
 
 The [County] has been negligent in maintaining such systems as the storm water and surface water drainage systems [are] allowed to flood private property and to damage private property. The [County] has been further negligent in failing to maintain the storm water and surface water drainage systems in the area of the [Soutullos’] real property, to include underground piping and adequate outfall lines and drains, which negligence has existed in the past and continues to exist as of this date. The [County] has been further negligent in failing to maintain said storm water and surface water drainage systems by allowing flooding of and damage to private property at the outfall.”
 

 (Emphasis added.)
 

 The complaint contained counts alleging negligence, trespass, and nuisance. It sought compensatory damages and an injunction abating the alleged nuisance. Between November 29, 2006, and August 20, 2009, the complaint was amended approximately 82 times to add allegations of successive instances of flooding.
 

 The Soutullos employed Kenneth D. Underwood, a “consulting civil engineer,” to serve as an expert witness. On November 2, 2007, the County filed a notice of the taking of Underwood’s deposition. He was deposed on November 9, 2007. On December 8, 2008, Underwood sent the County’s counsel a statement reflecting his fees for deposition preparation and requested payment in the amount of $1,239.28. By June 16, 2009, the fees had not been paid and the Soutullos’ counsel wrote a letter to the County’s counsel requesting payment. The request was denied or ignored.
 

 Trial of the case began before an advisory jury on August 24, 2009. At the close of all the evidence, the County moved for a JML, which the trial court granted from the bench, citing
 
 Mitchell v. Mackin,
 
 376 So.2d 684 (Ala.1979). A few weeks later, on September 17, 2009, the trial court entered a judgment “as to all counts and
 
 *737
 
 all causes of action for [the County].” In that judgment, the court stated, in pertinent part:
 

 “The [Soutullos], who are husband and wife, purchased their real property, which lies ... several miles outside of the Mobile city limits.
 

 [[Image here]]
 

 “[The] project took surface water from Heid Place to the existing roadside drainage ditch. [The Soutullos] asserted that it was this project which caused surface storm drainage to flood their real property. They assert that improvements in the drainage system, including a box culvert and the paving of the drainage ditch, as well as negligent maintenance caused or contributed to this flooding.
 

 “The [County] asserted ... that the only effect this project had was to increase the speed of the water in the Heid Place ditch but would not have caused the [Soutullos’] real property to flood.
 

 “Notwithstanding the above, the [Sou-tullos] urged the court to analyze this case under the standards set by the Alabama appellate courts in
 
 Lott v. City of Daphne,
 
 539 So.2d 241 (Ala.1989), and
 
 [Lott v. City of Daphne
 
 ], 624 So.2d 544 (Ala.1993). In other words, the [Soutul-los] argued that the court should apply the law on water regarding
 
 incorporated
 
 municipalities and the undertaking to construct and maintain a drainage system rather than the law of water flow from upper land owners to the lower land owner in
 
 unincorporated
 
 areas.
 

 “The case of
 
 Mitchell v. Mackin,
 
 376 So.2d 684 (Ala.[1979]) contains a good historical discussion on the differences between the development of the two schools of thought.
 

 [[Image here]]
 

 “While the court, in announcing its judgment from the bench, advised that it was employing the unincorporated/incorporated analysis,
 
 farther review
 
 of the caselaw from
 
 Reichert v. City of Mobile,
 
 776 So.2d 761 (Ala.2000), and from
 
 Byrd v. City of Citronelle,
 
 937 So.2d 515 (Ala.2006), holds for the proposition that the nuisance claimed by the [Soutullos] was ... non-abatable and thus
 
 it is also the court’s opinion that even had this case taken place within an incorporated municipality, that the statute of limitations would have ... expired.”
 

 (Emphasis added.) The appeal in case no. 1090041 is from that judgment.
 

 On September 9, 2009, the Soutullos filed a “petition to assess costs,” seeking, pursuant to Rule 26(b)(4)(C)(i), Ala. R. Civ. P., an “order requiring [the County] to pay [their] expert [witness] a reasonable fee for time spent in submitting to the [County’s] deposition.” On November 24, 2009, the trial court denied the Soutullos’ petition. On December 3, 2009, the Soutullos filed a motion, based on Rule 59(e), Ala. R. Civ. P., to “alter or amend” the order denying their fee request. Included in that motion was a request for a hearing. On January 6, 2010, the trial court denied that motion without the requested hearing. The Soutullos filed their notice of appeal from that denial on February 4, 2010. Case no. 1090622 represents that appeal.
 

 Meanwhile, on September 22, 2009, the County filed a “motion to tax costs,” seeking, pursuant to Ala.Code 1975, § 12-21-144, and Rule 54(d), Ala. R. Civ. P., an order requiring the Soutullos to pay, among other things, the cost to the County of taking depositions. The next day, the Soutullos filed an answer to the County’s motion to tax costs. In that answer, they stated, among other things: “The [County] has provided
 
 no proof of any costs,
 
 nor has the [County] previously submitted any
 
 *738
 
 proof of any costs to the [Soutullos].” (Emphasis added.) On December 18, 2009, the County fíled a statement of its claimed expenses. The statement was supported by the affidavit of its counsel, who attested that, “[i]n order to adequately evaluate, prepare and defend [the County’s] case and present evidence at trial,” the County had incurred expenses in taking the depositions of Gary Soutullo, Janet Soutullo, Kenneth Underwood, and Donald Rowe,
 
 [1]
 
 in the amounts of $1,385.15, $591.20, $575.90, and $107.70, respectively, along with $2,420.07 in “copying expenses,” totaling $5,080.02. Subsequently, on December 21, 2009, the Soutullos filed a second answer to the County’s motion to tax costs. The answer stated, in pertinent part:
 

 “1. The deposition of Gary Soutullo was not ‘used at trial.’
 

 “2. The deposition of Janet Soutullo was not ‘used at trial.’
 

 “3. The deposition of Kenneth Underwood was not ‘used at trial.’
 

 “6. Copying expenses are neither ‘depositions or exhibits used at the trial,’ and are not segregated or itemized or verified.
 

 “7. The expenses claimed by the [County] should be denied.
 

 “8. When the court’s judgment in favor of the [County] is reversed on appeal, the [County] is unlikely to reimburse the [Soutullos].”
 

 On February 23, 2010, the trial court awarded the County $5,080.02 in costs for depositions and copying. Case no. 1090932 represents the Soutullos’ timely appeal from that judgment.
 

 II. Discussion
 

 We will address first the appeal from the JML (case no. 1090041); second, the appeal from the award of deposition costs (case no. 1090932); and finally, the appeal from the denial of the Soutullos’ petition for the fees of their expert witness (case no. 1090622).
 

 A. Case No. 1090011
 

 On appeal, the parties join issue as to
 
 only one
 
 of the two grounds referenced in the trial court’s judgment, namely, whether this case should turn on the fact that the alleged damage occurred in an unincorporated — as opposed to an incorporated — area of Mobile County. The Sou-tullos contend that we should overrule
 
 Mitchell v. Mackin,
 
 376 So.2d 684 (Ala. 1979), and apply the rule set forth in
 
 Lott v. City of Daphne,
 
 539 So.2d 241 (Ala.1989). However, the County argues that, in any case, the judgment is supportable on the
 
 other
 
 ground referenced in the judgment, namely, that this action is barred by the statute of limitations. The County’s brief, at 32. For their part, the Soutullos
 
 entirely ignore
 
 the statute-of-limitations ground in their briefs to this Court.
 

 In order to secure a reversal, “the appellant has an affirmative duty of showing error upon the record.”
 
 Tucker v. Nichols,
 
 431 So.2d 1263, 1264 (Ala.1983). It is a familiar principle of law:
 

 “When an appellant confronts an issue below that the appellee contends warrants a judgment in its favor and the trial court’s order
 
 does not specify a basis
 
 for its ruling, the omission of any argument on appeal as to that issue in the appellant’s principal brief
 
 constitutes a waiver
 
 with respect to the issue.”
 

 
 *739
 

 Fogarty v. Southworth,
 
 953 So.2d 1225, 1232 (Ala.2006) (footnote omitted) (emphasis added). This waiver, namely, the failure of the appellant to discuss in the opening brief an issue on which the trial court might have relied as a basis for its judgment, results in an affirmance of that judgment.
 
 Id.
 
 That is so, because “this court will not
 
 presume
 
 such error on the part of the trial court.”
 
 Roberson v. C.P. Allen Constr. Co.,
 
 50 So.3d 471, 478 (Ala.Civ. App.2010) (emphasis added). See also
 
 Young v. Southern Life & Health Ins. Co.,
 
 495 So.2d 601 (Ala.1986). If an appellant defaults on his or her duty to show error by failing to argue in an opening brief an
 
 unstated ground
 
 that was placed in issue below, then,
 
 a fortiori,
 
 a challenge to the judgment is waived where, as here, the trial court
 
 actually states two grounds
 
 for its judgment, both grounds are championed by the appellee, and the appellant simply declines to mention one of the two grounds. Because the Soutullos have pre-termitted discussion of one of the two grounds forming the basis for the JML, we pretermit discussion of the other ground, and we affirm the judgment.
 

 B. Case No. 1090932
 

 In case no. 1090932, the Soutullos appeal from the judgment taxing to the Soutullos, as the losing parties, $5,080.02 in costs for the depositions of Gary Soutullo; Janet Soutullo; Kenneth Underwood, the Soutul-los’ expert witness; and Donald Rowe, as well as copying expenses. They contend that recovery of these expenses was not authorized by § 12-21-144, Rule 54(d), or relevant caselaw. We disagree.
 

 Section 12-21-144 provides:
 

 “The costs of any deposition introduced, in whole or in part, into evidence at the trial by the party taking it shall be taxed as costs in the case upon the certificate of the person before whom the deposition was taken; the costs of depositions in other cases shall be taxed as costs in the case only if the court so directs.”
 

 Rule 54(d) provides, in pertinent part: “Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... ” “[Tjaxation of costs under the statute and the rule rests in the discretion of the trial judge, whose decision will not be reversed unless clear abuse is shown.”
 
 Vulcan Oil Co. v. Gorman,
 
 434 So.2d 760, 762 (Ala.1983).
 

 The Soutullos do not argue that the trial court exceeded its discretion in entering the judgment. Instead, they insist that the taxation of costs was erroneous as a matter of law, because, they contend, none of these depositions was
 
 used at trial
 
 in any material manner. It is well settled, however, that “a trial court may, in its discretion, tax all of the costs of
 
 any
 
 deposition taken in a case, regardless of whether the deposition was used at trial, if the deposition was reasonably necessary.”
 
 Bundrick v. McAllister,
 
 882 So.2d 864, 866 (Ala.Civ.App.2003) (citing
 
 Ex parte Strickland,
 
 401 So.2d 33 (Ala.1981)). “The trial judge, who was present during the trial and witnessed the parties’ presentations and arguments, is ... in a far better position to determine the reasonable necessity of a particular deposition than an appellate court-” 882 So.2d at 867. Because the Soutullos have demonstrated neither an error of law nor that the trial court exceeded its discretion, they have demonstrated no error requiring reversal.
 

 They also insist that the trial court erred, because, they say, the “County filed no documentary evidence, nor any invoice, nor any cancelled check, nor any proof, whatsoever,” for its claims. The Soutullos’ brief, at 17. This argument ignores the
 
 affidavit
 
 of its counsel submitted by the County on December 18, 2009. Thus, they
 
 *740
 
 essentially argue, we suppose, that an affidavit does not properly substantiate the costs and that some other evidence was needed. However, this argument is made for the first time on appeal. To be sure, the Soutullos pointed out the absence of proof in their September 23, 2009, answer to the County’s motion to tax costs. Nevertheless, after December 18, 2009, when the County filed its statement of costs and supporting affidavit — when the issue should have been raised in the trial court — no such argument was made.
 

 “It is well known that
 
 ‘we
 
 cannot reverse the judgment of the trial court based on an argument not made below and urged for the first time on appeal.’ ”
 
 White Sands Group, L.L.C. v. PRS II, LLC,
 
 998 So.2d 1042, 1057 (Ala.2008) (quoting
 
 Singleton v. State Farm, Fire & Cas. Co.,
 
 928 So.2d 280, 285 (Ala.2005)). For these reasons, the order of the trial court in case no. 1090932 is affirmed.
 

 C. Case No. 1090622
 

 In case no. 1090622, the Soutullos challenge the trial court’s denial of their petition to recover from the County $1,239.28 in fees attributable to the time spent by their expert witness in submitting to a deposition conducted by the County. According to the Soutullos, recovery of these fees is
 
 mandated
 
 by Rule 26(b)(4)(C)®, Ala. R. Civ. P. As the result of amendments effective February 1, 2010, the subsections of Rule 26(b) have been renumbered; the relevant subsection is now subsection (5), rather than subsection (4). Subsection (5)(C) states, in pertinent part: “Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(5)(A)(ii) and (b)(5)(B) of this rule.”
 

 Rule 26(b)(5)(A)(ii) provides:
 
 “Upon motion, the court may order further discovery
 
 by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(5)(C) of this rule, concerning fees and expenses as the court may deem appropriate.” (Emphasis added.) Rule 26(b)(5)(B) states, in pertinent part: “A party may discover facts known or opinions held by an expert who has been retained, specially employed or assigned by another party in anticipation of litigation or preparation for trial and who is
 
 not expected to be called as a witness at trial.”
 
 (Emphasis added.)
 

 It is not entirely clear which of these two subsections of Rule 26(b) the Soutullos attempt to invoke as a basis for recovery of fees for their expert witness. Subsection (5)(B) clearly does not apply; it refers to a person “who is not expected to be called as a witness at trial.” Underwood testified extensively at the trial of this case. Subsection (5)(A)(ii), by its express terms, is triggered only by a
 
 court order
 
 in response to a motion, in contrast to its federal counterpart. There was no such order in this case. Indeed, the Soutullos have identified no Alabama authority
 
 [2]
 
 for the proposition that fees attributable to the time spent by an expert witness in preparing for, and giving, a discovery deposition are chargeable to the deposing party without an agreement to that effect.
 

 Finally, the Soutullos contend that the order awarding the County costs must be reversed because the trial court ignored their request for a hearing in denying their motion to alter or amend the judgment. We disagree. It is true that “[a] trial court commits error when it fails to conduct a hearing requested by a party on a Rule 59 ... postjudgment motion.”
 
 *741
 

 J.H.F. v. P.S.F.,
 
 835 So.2d 1024, 1031(Ala.Civ.App.2002). See Rule 59(g), Ala. R. Civ. P. (such motions “shall not be ruled upon until the parties have had opportunity to be heard thereon”). However, the failure to hold a hearing is “not necessarily
 
 reversible
 
 error.” 835 So.2d at 1031 (emphasis added). See Rule 45, Ala. RApp. P. (“Error Without Injury”).
 

 “Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.”
 

 Greene v. Thompson,
 
 554 So.2d 376, 381 (Ala.1989).
 

 Because the Soutullos have failed to cite apposite authority for the contention that they are entitled to fees attributable to the time spent by Underwood in preparing for, and submitting to, a deposition conducted by the County without a court order, they have failed to demonstrate that their contention has any “probable merit.” Consequently, the error in denying the Soutullos’ motion without a hearing does not warrant reversal.
 

 III. Conclusion
 

 In summary, the judgments and orders appealed from in case no. 1090041, case no. 1090622, and case no. 1090932 are affirmed.
 

 1090041 — AFFIRMED.
 

 1090622 — AFFIRMED.
 

 1090932 — AFFIRMED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Donald Rowe was the owner of an engineering firm hired by the County to design the project.
 

 [2]
 

 . Because Rule 26(b), Fed.R.Civ.P., differs materially from its Alabama counterpart, cases from federal courts construing that federal rule are inapposite.