MOORE, Judge.
Biz Distribution Company, Inc. (“Biz”), appeals from a judgment of the Lamar Circuit Court (“the trial court”) dismissing, without prejudice, its complaint against Crystal Fresh, Inc. (“CFI”). We affirm.
Biz and CFI entered into two agreements pursuant to which Biz agreed to act as the exclusive distributor of CFI products in certain north and west Alabama counties. On September 30, 2009, Biz filed a complaint against CFI alleging that CFI had breached those agreements, as well as damaged Biz, through negligence, wantonness, fraud, and intentional interference with Biz’s contractual relations. CFI filed a motion to dismiss the complaint on November 4, 2009. In that motion, CFI asserted that the trial court lacked personal jurisdiction over CFI, that the parties had contractually agreed in a forum-selection clause in the distribution agreements that any actions relating to those agreements would be decided by Minnesota courts, and that Alabama was an inconvenient forum. See § 6-5-430, Ala.Code 1975. After conducting a hearing on the matter, the trial court granted the motion to dismiss, stating that “the State of Minnesota is the appropriate forum for this action and that the Court should decline to exercise jurisdiction.” On January 4, 2010, the trial court dismissed the complaint without prejudice. Biz timely appealed.
In this case, CFI moved the trial court to dismiss the complaint on three independent bases. The trial court did not specify which of the three bases it relied upon in *718 granting the motion, but the language in the judgment indicating that it found Minnesota to be the “appropriate forum” and that it “should decline to exercise jurisdiction” suggests that the trial court either found that the parties had entered into a binding forum-selection clause requiring the action to be filed in Minnesota or that the trial court should exercise its discretion to decline jurisdiction in favor of Minnesota under § 6-5-430, Ala.Code 1975.[1] Section 6-5-430 requires a circuit court in this state to dismiss an action without prejudice when an action is based upon a claim originating outside the state and “if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice.”
On appeal, Biz argues that the trial court committed error as to the first ground, but not the second. CFI maintains that, even if the trial court erred as to the meaning of the forum-selection clause, which we do not decide, the trial court still acted correctly in dismissing the case based on § 6-5-430.
In Soutullo v. Mobile County, 58 So.3d 733 (Ala.2010), the Mobile Circuit Court granted a motion for a judgment as a matter of law (“JML”) in a storm-water damage case filed by property owners against Mobile County. In its order, the circuit court specified two grounds for granting the JML: (1) that the “law on water” applicable to unincorporated areas entitled Mobile County to a judgment in its favor and (2) that the statute of limitations had expired on the claims asserted by the property owners. On appeal to the Alabama Supreme Court, the property owners argued solely that the circuit court had erred as to the first ground, ignoring entirely the statute-of-limitations defense, which, Mobile County argued, alone supported the JML. The supreme court stated:
“In order to .secure a reversal, ‘the appellant has an affirmative duty of showing error upon the record.’ Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983). It is a familiar principle of law:
“ ‘When an appellant confronts an issue below that the appellee contends warrants a judgment in its favor and the trial court’s order does not specify a basis for its ruling, the omission of any argument on appeal as to that issue in the appellant’s principal brief constitutes a waiver with respect to the issue.’
“Fogarty v. Southworth, 953 So.2d 1225, 1232 (Ala.2006) (footnote omitted) (emphasis added). This waiver, namely, the failure of the appellant to discuss in the opening brief an issue on which the trial court might have relied as a basis for its judgment, results in an affirmance of that judgment. Id. That is so, because ‘this court will not presume such error on the part of the trial court.’ Roberson v. C.P. Allen Constr. Co., 50 So.3d 471, 478 (Ala.Civ.App.2010) (emphasis added). See also Young v. Southern Life & Health Ins. Co., 495 So.2d 601 (Ala.1986). If an appellant defaults on his or her duty to show error by failing to argue in an opening brief an unstated ground that was placed in issue below, then, a fortiori, a challenge to the judgment is waived where, as here, the trial court actually states two grounds for its judgment, both grounds are championed *719 by the appellee, and the appellant simply declines to mention one of the two grounds. Because the [property owners] have pretermitted discussion of one of the two grounds forming the basis for the JML, we pretermit discussion of the other ground, and we affirm the judgment.”
58 So.3d at 738-39.
In accordance with Soutullo, we conclude that Biz has waived any argument that the trial court erred in dismissing the action pursuant to § 6-5-430 and that, therefore, we are required to affirm the judgment as a valid exercise of the trial court’s authority under § 6-5-430. See also Kellis v. Estate of Schnatz, 983 So.2d 408 (Ala.Civ.App.2007) (failure by purported purchaser of property pursuant to vendor’s lien deed to challenge trial court’s alternative basis for holding that documents of sale were void, on ground that they failed to comply with state law to be valid real-estate contracts, compelled appellate court to affirm judgment).
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. That same language implies that the trial court rejected the argument that it lacked personal jurisdiction over CFI, but we need not decide that issue to properly dispose of this appeal.