THOMAS, Judge.
 

 The State of Alabama Department of Transportation (“ALDOT”) appeals from a judgment of the Shelby Circuit Court reversing a decision of an Administrative Law Judge (“ALJ”) upholding the decision of ALDOT to deny Pace Reid’s application for a permit to erect an outdoor advertising sign. We affirm.
 

 Reid owns a parcel of real property along the-right-of-way for Interstate 65 (“1-65”) in Shelby County. The property contains a small group of buildings, a gravel parking area, a north-entrance driveway, a south-entrance driveway, and a concrete paved area (“the concrete pad”), which is located at the end of the parking area and the beginning of the south-entrance driveway. A moving company named Changes in Latitude (“the moving company”) is currently leasing the property and operating its business on the property. On May 19, 2007, Reid filed an application with ALDOT for a permit to erect an outdoor advertising sign on his property adjacent to 1-65 at milepost 244.88.
 
 [1]
 

 
 *467
 
 The Highway Beautification Act — Outdoor Advertising (“the Act”), codified at § 23-1-251, Ala.Code 1975 et seq., together with the regulations adopted by AL-DOT thereunder, provide the procedures and standards governing the erection of outdoor advertising signs in areas adjacent to interstate highways and other primary highways. The Act provides that anyone who desires to erect an outdoor advertising sign in an area adjacent to an interstate highway must submit an application for a permit from ALDOT. Section 23-1-273 of the Act provides that, subject to certain exceptions,
 

 “[n]o sign shall, subject to the provisions of Section 23-1-274, be erected or maintained in an adjacent area after February 10,1972, nor shall any outdoor advertising sign, display, or device with the purpose of its message being read from the main-traveled way of an interstate highway or primary highway be erected after April 11, 1978, outside of an urban area beyond 660 feet of the nearest edge of right-of-way of an interstate or primary highway.”
 

 One of the exceptions to the prohibition on outdoor advertising signs located outside urban areas is for signs that are located in “business areas.” § 23-1-273(5). A business area is defined in § 23-1-271(1) as “[a]ny part of an adjacent area which is at any time zoned for business, industrial, or commercial activities under the authority of any law of this state or not zoned, but which constitutes an unzoned commercial or industrial area as defined in this section.” Section 23-1-271(10) provides the following definition of an unzoned commercial, business, or industrial area:
 

 “The land occupied by the regularly used building, parking lot, storage or processing area of a commercial, business, or industrial activity, and the land within 600 feet thereof on each side of the highway. The unzoned area shall not include:
 

 “a. Land on the opposite side of an interstate or primary freeway highway from an unzoned commercial, business, or industrial area, as defined above;
 

 “b. Land predominantly used for residential purposes;
 

 “c. Land zoned by state or local law, regulation, or ordinance;
 

 “d. Land on the opposite side of a nonfreeway primary highway which is determined scenic by [ALDOT].
 

 “All measurements shall be from the outer edges of the regularly used buildings, parking lots, storage or processing areas of the commercial or industrial activities, not from the property lines of the activities, unless said property lines coincide with the limits of the regularly used buildings, parking lots, storage or processing areas and shall be along or parallel to the edge or pavement of the highway.”
 

 Reid’s property is located in an unzoned, nonurban area. ALDOT denied Reid’s application for an outdoor advertising sign because it determined that the proposed location for the outdoor advertising sign was not within 600 feet of any commercial activity. Reid appealed ALDOT’s denial of his permit to erect an outdoor advertising sign to the Division of Administrative Hearings of the Attorney General’s Office; ALDOT requested a hearing before an ALJ.
 

 The ALJ held a hearing on Reid’s permit application, at which the ALJ heard ore tenus testimony from Reid; from James Braden, the assistant state maintenance engineer over permits and operations; and from Bradley Stevens, the owner of the moving company. According to the testimony presented, the buildings and the parking area that are located on the
 
 *468
 
 property are more than 600 feet from the proposed outdoor-advertising-sign location; however, portions of the concrete pad and the south-entrance driveway were within 600 feet of the proposed outdoor-advertising-sign location. Stevens testified that the moving company used the concrete pad to wash its trucks. Reid argued that because the concrete pad was used by the moving company to wash its trucks, it was part of the commercial activities of the moving company. ALDOT disputed Reid’s and Stevens’s assertion that the concrete pad was regularly used for any commercial activity; it argued that the moving company’s use of the concrete pad was only sporadic at best. Reid also argued that the Act and ALDOT’s regulations do not require an outdoor advertising sign to be located within 600 feet of commercial activity; ALDOT disputed this assertion.
 

 The ALJ subsequently entered a proposed order upholding ALDOT’s decision to deny the permit for an outdoor advertising sign. In its proposed order, the ALJ concluded that the proposed outdoor-advertising-sign location was more than 600 feet from any commercial activity. AL-DOT adopted the ALJ’s proposed order as a final determination of ALDOT. Reid then filed a notice of appeal with ALDOT,
 
 see
 
 § 41-22-20(b), Ala.Code 1975, and a petition for judicial review in the trial court.
 
 See
 
 § 41-22-20(b) and (d), Ala. Code 1975.
 

 After a hearing at which the trial court heard arguments of counsel, the trial court entered a judgment reversing the ALJ’s decision and directing ALDOT to issue a permit to Reid for the proposed outdoor advertising sign. The trial court listed three bases for its determination that ALDOT should have issued the permit to Reid. First, the trial court determined that neither the Act nor the applicable regulations required an outdoor advertising sign in an unzoned, nonurban area to be located within 600 feet of commercial activity. Secondly, the trial court determined that the concrete pad, which was located within 600 feet of the proposed outdoor-advertising-sign location, was regularly used by the moving company; therefore, the trial court determined, the proposed outdoor-advertising-sign location was within 600 feet of commercial activity. Third, the trial court determined that the entire south-entrance driveway was a part of the “processing area” for the moving company, as that term is used in § 23-1-270(10); therefore, the trial court determined, because the proposed outdoor-advertising-sign location was within 600 feet of the south-entrance driveway, it was within 600 feet of commercial activity. ALDOT subsequently appealed to this court.
 

 “ ‘ “Judicial review of an agency’s administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency’s actions were reasonable, and whether its actions were within its statutory and constitutional powers. Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency.” ’ ”
 

 Ex parte Medical Licensure Comm’n of Alabama,
 
 897 So.2d 1093, 1097 (Ala.2004) (quoting
 
 Ex parte Alabama Bd. of Nursing,
 
 835 So.2d 1010, 1012 (Ala.2001), quoting in turn
 
 Alabama Medicaid Agency v. Peoples,
 
 549 So.2d 504, 506 (Ala.Civ.App.1989)). Furthermore, this court reviews a circuit court’s judgment as to an agency’s administrative decision without a presumption of correctness because the circuit court is in no better position to review the agency’s decision than is this court.
 
 Clark v. Fancher,
 
 662 So.2d 258, 261 (Ala.Civ.App.1994).
 

 
 *469
 
 In its judgment, the trial court listed three bases for its reversal of the ALJ’s decision. The trial court determined (1) that the law did not require an outdoor advertising sign in an unzoned, nonurban area to be located within 600 feet of commercial activity; (2) that the concrete pad was regularly used by the moving company as part of its commercial activities; and (3) that the entire south-entrance driveway was a processing area for the moving company. In its appeal, ALDOT has presented arguments related to whether the Act requires an outdoor advertising sign in an unzoned, nonurban area to be located within 600 feet of commercial activity and whether the moving company used the concrete pad as part of its regular commercial activities. However, ALDOT has not provided any argument related to the third basis stated by the trial court — that the south-entrance driveway constituted a processing area of the moving company and was, therefore, part of the area to be considered as being used for commercial activity.
 

 Because ALDOT has not provided any argument challenging the third basis for the trial court’s judgment, it has waived any argument on appeal as to the correctness of that basis for the judgment of the trial court. “ ‘An argument not made on appeal is abandoned or waived.’ ”
 
 Muhammad v. Ford,
 
 986 So.2d 1158, 1165 (Ala.2007) (quoting
 
 Avis Rent A Car Sys., Inc. v. Heilman,
 
 876 So.2d 1111, 1124 n. 8 (Ala.2003)). Moreover, it is well settled that, in order to secure a reversal, “the appellant has an affirmative duty of showing error upon the record,”
 
 Tucker v. Nichols,
 
 431 So.2d 1263, 1264 (Ala.1983), and that “ ‘[i]t is not the function of this court to search a record on appeal to find evidence to support a party’s argument.’ ”
 
 Ellison v. Green,
 
 775 So.2d 831, 833 (Ala.Civ.App.2000)(quoting
 
 Brown v. Brown,
 
 719 So.2d 228, 230 (Ala.Civ.App.1998)).
 
 See also Soutullo v. Mobile County,
 
 58 So.3d 733, 739 (Ala.2010) (holding that “the failure of the appellant to discuss in the opening brief an issue on which the trial court might have relied as a basis for its judgment[ ] results in an affirmance of that judgment”). Therefore, even if we agreed with ALDOT that the trial court erred in determining that an outdoor advertising sign in an unzoned, nonurban area does not have to be located within 600 feet of regular commercial activity and in determining that the moving company used the concrete pad as part of its regular commercial activities, we would still be compelled to.affirm the trial court’s judgment because ALDOT has failed to present an argument concerning the trial court’s determination that the south-entrance driveway is part of the processing area of the moving company.
 
 [2]
 

 Because ALDOT has not challenged all the bases on which the trial court based its judgment, we must affirm the judgment of the trial court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . At the same time, Reid also applied for a permit to erect an outdoor advertising sign at milepost 244.97, which ALDOT approved. That application is not at issue in this appeal.
 

 [2]
 

 . Because we affirm the trial court’s judgment based on ALDOT’s failure to challenge all the bases for the trial court’s judgment, we express no opinion on the correctness of the trial court’s legal or factual determinations.