DONALDSON, Judge.
“When a trial court enters conclusions of law stating alternative, legal grounds for its judgment, the failure of an appellant to show error as to each ground in his or her opening brief constitutes a waiver of any argument as to the omitted ground and results in an automatic affir-mance of the judgment.”. Austin v. Providence Hosp., 155 So.3d 1028, 1031 (Ala.Civ. App.2014). Thomas E. Drake II and Kimberly H. Drake, appeal from the summary judgment of the Jefferson Circuit Court (“the trial court”) disposing of their claims against the Aabama Republican Party. The trial court stated two bases for entering a summary judgment in favor of the Aabama Republican Party on the Drakes’ claims. Because the Drakes fail to address one of the bases for the judgment on appeal, they have waived any argument against that basis for the judgment. As a result, we affirm the judgment.

Facts and Procedural History

On September 11, 2015, the trial court entered a summary judgment in favor of the Aabama Republican Party. The Drakes do not dispute the procedural history and facts of the case as stated by the trial court. In the judgment, the trial court stated the following procedural history, facts, and findings:
“This matter came before the Court via the Defendant’s Motion for Summary Judgment.. This case is an appeal by the Plaintiffs Thomas Edwin Drake, II (Mr. Drake) and Kimberly Drake (Mrs. Drake) .from a judgment in. the District Court of Jefferson County. The Plaintiffs complain that, the Defendant[,] the Aabama. Republican Party[,] refused to return the ‘qualifying fee’ each of them paid to the Defendant seeking to be the nominee of the Defendant in the November 2014 elections. Mr. Drake wanted to be the candidate for U.S. House of Representatives, District 4, and Mrs. Drake wanted to be.a candidate for the Aabama Court of Criminal Appeals. The total amount of fees in dispute is $6600.00. Ater. receiving the money, the Defendant decided to refuse to allow either of the Plaintiffs to be listed as a *1120 candidate for the primary election occurring in June 2014.
“The Plaintiffs filed this action in the District Court in May 2014, and requested damages from the Defendant for its action. They asserted three common law grounds for relief, viz., breach of implied contract, unjust enrichment, and fraud. The Plaintiffs do not contend that their disqualification from being listed on the primary election ballot was illegal. The District Court rendered a judgment on the merits in favor of the Defendant in December 2014. The Plaintiffs filed their appeal to this Court on December 31, and amended their complaint in 2015 to add a claim for conversion.
“In the Motion for Summary Judgment, the Defendant asserts that the Plaintiffs did not exhaust their administrative remedies within the Alabama Republican Party. They further assert that the Plaintiffs’ recovery of damages for the ‘qualifying fees’ would be barred by the legislature’s denial of court authority to issue orders reviewing a political party’s ‘conduct’ of primary elections.
“In 2013, with the adoption of a Primary Resolution, the Defendant exercised its option, as a political party, to participate in the 2014 primary elections which are authorized to be conducted with the resources of the State as allowed by Chapter 13 of Title 17 in the Alabama Code. Under Ala.Code § 17-13-7, the Defendant retains the right to decide, ‘in its own way,’ who ‘shall be entitled and qualified to vote in such primary election or to be candidates therein....’ Further, under § 17-13-47, the Defendant ‘may fix assessments ..., or other qualifications as it may deem necessary, for persons desiring to become candidates for nomination to offices....’ Lastly, Ala.Code § 17-13-88 provides that “[t]he state executive committee may prescribe such other additional rules governing contests and other matters of party procedure as it may deem necessary not in conflict with this chapter.’
“The Defendant’s Primary Resolution also provided for the affairs of its primary election to be managed by a Candidate Committee. Under the terms of the Resolution, ‘the Alabama Republican Executive Committee expressly reserves the right to review and to reverse or otherwise supersede action taken by the Candidate Committee.’ The Primary Resolution also provides a form whereby persons may declare their candidacy for the Republican nomination. Mr. Drake and Mrs. Drake each completed one of these forms for the offices they sought in declaring their candidacies in February 2014. The forms warn that candidacies are subject to challenge.
“The candidacies of both Mr. Drake and Mrs. Drake were challenged, and a hearing occurred before the Candidate Committee in March 2014. Shortly after that hearing, both Mr. Drake and Mrs. Drake were disqualified. Their ‘qualifying fees’ were not returned, and they subsequently made a specific request for their return. That too was rejected. Neither of the Drakes filed an appeal to the ‘Executive Committee’ requesting that it exercise its authority to review and reverse or supersede the action of the Candidate Committee. The Court concludes, as a matter of law that the Plaintiffs have failed to exhaust the administrative remedies available under the Defendant’s 2014 Primary Resolution to obtain a return of their qualifying fees. See Ex parte Graddick, 495 So.2d 1367, 1370 (Ala.1986). The Defendant’s participation in the primary election process does not deny it the power to set the qualifications, including *1121 the terms for ‘qualifying fees,’ in the form of assessments, ‘in its own way,’ and using procedures it deems necessary. The Plaintiffs’ failure to seek review from the ‘Executive Committee’ therefore means this Court lacks jurisdiction over the subject matter. See Ex parte Cincinnati Insurance Co., 51 So.3d 298 (Ala.2010).
“It makes no difference that the Plaintiffs seek damages under the precedents which recognize grounds for relief under the common law of Alabama. The primary election statutes assign to the political party authority for resolution of the matter of qualifications, including disputes about the terms of qualifying fee ‘assessments.’
“As further ground for finding a lack of jurisdiction, the Court relies on Ala. Code § 17-16-44. In that statute, the legislature has limited the jurisdiction of the courts in any proceeding ‘for ascertaining the legality, conduct or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute; .... ’ Part of the ‘conduct’ of the primary election process is the identification of the candidates by the political party in the manner set out in Ala.Code § 17-13-7 and § 17-13-47. Ala.Code § 17-13^47 limits the discretion of a political party in fixing assessments in two ways: (i) by the amount that may be charged, i.e., no more than 2% of the salary of the office, or $50 for unrenu-merative office, and (ii) by the ability to pay. There are no other statutory restrictions on how a political party exercises its discretion in fixing the terms for payment of qualifying fees. The Plaintiffs have pointed to no statute which provides for return of qualifying fees, or damages, to be awarded against a political party for not providing such a return of qualifying fees. Accordingly, Ala.Code § 17-16-44 denies this Court jurisdiction over the claims made by the Plaintiffs, and bars this Court from resolving them.
“There is no challenge in this case to the constitutionality of Ala.Code § 17-16-44, as applied here. The undisputed facts of this case show that the Defendant has no policy to refund qualifying fees, and that no one promised the Plaintiffs when they provided their qualifying fees that either of them would receive a refund if their candidacy was not allowed. The ease does not involve the kind of arbitrary reversal of a well-established, long-standing rule which may be a violation of due process of law for which a remedy must be available from the courts. Cf. Alabama Republican Party v. McGinley, 893 So.2d 337, 346 (Ala.2004). Even those concerns about due process must be balanced against the associational rights of a political party. Id. at 346-47 n. 7.
“For these reasons, the Court enters Summary Judgment in favor of the Defendant on all of the Plaintiffs’ claims, and this action is dismissed, with prejudice.”
On October 23, 2015, the Drakes filed a notice of appeal to this court. This court transferred the appeal to the supreme court for lack of subject-matter jurisdiction. The supreme court transferred the appeal back to this court pursuant to 12-2-7(6), Ala.Code 1975.

Discussion

The trial court provided two bases for the summary judgment: that the Drakes did not exhaust their administrative remedies and that the court lacked jurisdiction over the Drakes’ claims pursu *1122 ant to § 17-16-44, Ala.Code 1975.[1] On appeal, the Drakes argue solely that the trial court’s reliance on the doctrine of the exhaustion of administrative remedies to dispose of their claims was misplaced. The Drakes do not address the other basis for the judgment, i.e., the trial court’s lack of subject-matter' jurisdiction over their claims pursuant to § 17-16-44. “[W]e are governed by the long-standing, well-established rule that the appellant has an affirmative duty of showing error upon the record.” Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983), “ ‘ “[T]his court will not presume [an] error on the part of the trial court.”’” Roberson v. C.P. Allen Constr. Co., 50 So.3d 471, 478 (Ala.Civ.App.2010)(quoting D.C.S. v. L.B., 4 So.3d 513, 521 (Ala.Civ.App.2008), quoting in turn G.E.A. v. D.B.A., 920 So.2d 1110, 1114 (Ala.Civ.App.2005)). “When an appellant fails to argue an issue in its brief, that issue is waived.” Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982). This court is required to affirm a judgment if the appellant has waived any arguments regarding an alternative basis for the judgment. Austin v. Providence Hosp., supra; State Dep’t of Transp. v. Reid, 74 So.3d 465, 469 (Ala.Civ.App.2011). See also Biz Distribution Co. v. Crystal Fresh, Inc., 59 So.3d 717, 719 (Ala.Civ.App.2010); Soutullo v. Mobile Cty., 58 So.3d 733, 739 (Ala.2010) (“Because the [appellants] have pretermitted discussion of one of the two grounds forming the basis for the [judgment], we pretermit discussion of the other ground, and we affirm the judgment.”). Because the Drakes do not address one of the two grounds for the judgment, the trial court’s judgment must be affirmed.
AFFIRMED.
THOMPSON, P.J., and MOORE, J., concur.
THOMAS, J., concurs in the result, without writing.
PITTMAN, J., recuses himself.

. Section 17-16-44 states, in part: “No jurisdiction exists in or shall be exercised by any judge or court to entertain any proceeding for ascertaining the legality, conduct, or results of any election, except so far as authority to do so shall be specially and specifically enumerated and set down by statute.... ”