DONALDSON, Judge.
*1193 C.L.L.M. ("the father") petitions this court for a writ of mandamus directing the Limestone Circuit Court ("the trial court") to vacate the order transferring the action to the Juvenile Court of Tuscaloosa County. For the reasons set forth below, we deny the petition.
Background
The materials submitted by the parties indicate the following. On March 27, 2017, A.D.L. ("the mother") gave birth to L.T.L. ("the child") in a hospital in Madison County. On March 28, 2017, the mother executed forms relinquishing custody of the child to an organization in anticipation of adoption proceedings. On March 28, 2017, the father contacted the organization and expressed his objection to the adoption proceedings and his claim of paternity of the child. On April 4, 2017, the father filed a written notice of his intent to claim paternity of the child by registering with the Alabama Putative Father Registry. See § 26-10C-1, Ala. Code 1975.
On April 6, 2017, the father filed a petition against the mother in the trial court, seeking to establish paternity, to obtain custody of the child, and to receive child-support payments from the mother. See § 26-17-104, Ala. Code 1975; Brock v. Herd, 187 So.3d 1161, 1163-64 (Ala. Civ. App. 2015). In the petition, the father alleged that he and the mother were residents of Limestone County, that they had had sexual relations, and that they had resided together for two years until on or about March 10, 2017, when the mother vacated their residence. The father further alleged that, after the child was born, the mother and the child both tested positive for an illegal substance, that the mother left the hospital without taking the child with her, and that the mother was attempting to evade arrest for the charge of chemical endangerment of the child. The father also alleged that the mother took the action of placing the child for adoption without his knowledge.
On April 10, 2017, the trial court entered an order directing the father and the child to be tested for paternity under the supervision of the Limestone County Department of Human Resources.
On April 12, 2017, J.T.L. and K.D.L. ("the prospective adoptive parents") initiated an action to adopt the child in the Shelby Probate Court ("the adoption case"). The father filed an answer and a counterclaim in the adoption case, which is still pending.
On June 5, 2017, and June 21, 2017, the father filed motions in the trial court seeking an amended order for paternity testing. On June 29, 2017, the trial court entered an amended order for paternity testing. The results of the paternity testing indicate a 99.99% probability that the father is the biological father of the child.
On August 24, 2017, an attorney representing the child filed a motion in the trial court seeking to transfer the action to Tuscaloosa County. The motion included the following assertions: the child has resided in Tuscaloosa County with the prospective adoptive parents since the child's release from the hospital on April 9, 2017; the Shelby Probate Court entered an interlocutory order placing custody of the child with the prospective adoptive parents; the father has contested the prospective adoptive parents' petition to adopt the child; and the prospective adoptive parents are expected to initiate proceedings addressing issues related to the present action in, or to seek a transfer of another action with related issues to, a court with juvenile jurisdiction in Tuscaloosa County. The attorney representing the child filed a brief in support of the motion, asserting *1194 that Limestone County was an improper venue or, in the alternative, that the action should be transferred to Tuscaloosa County pursuant to the doctrine of forum non conveniens.
On August 25, 2017, the father filed an objection to the motion to transfer. His objection included the following assertions: he did not consent to an adoption of the child; the child lacked the capacity to file the motion to transfer; he filed the petition in the present action before the release of the child from the hospital; and both he and the mother reside in Limestone County. In addition to his request to dismiss the motion to transfer, the father requested that the trial court appoint a guardian ad litem for the child.
On October 6, 2017, without appointing a guardian ad litem, the trial court entered an order transferring the action to a court in Tuscaloosa County with juvenile jurisdiction. On October 30, 2017, the father filed the present petition for a writ of mandamus. An answer in opposition to the petition was filed by the attorney representing the child.
Standard of Review
"A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala. 2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ' " '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' " ' Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996) ); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999)."
Ex parte Children's Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala. 2005). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995).
Discussion
The father contends in part that his mandamus petition should be granted because he has an "inalienable right" to be a parent to the child. In support, he cites § 26-17-202, Ala. Code 1975, which states: "A child born to parents who are not married to each other has the same rights under the law as a child born to parents who are married to each other." The matter before us is the transfer of the action to another venue. The father does not explain how § 26-17-202 relates to the validity of the order he seeks to have us vacate. This argument, therefore, does not demonstrate a clear legal right to the vacation of the order transferring the action.
The father argues, without any citation to authority, that "[i]t is very clear that a five (5) month old child does not have the capacity to move or have standing before the Court unless his incapacity is cured by the appointment of a representative to protect his interests." We note that, "[i]f anything, the extraordinary nature of a writ of mandamus makes the Rule 21[, Ala. R. App. P.,] requirement of citation to authority even more compelling than the Rule 28[, Ala. R. App. P.,] requirement of citation to authority in a brief on appeal." Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001). From the materials before us, it does not appear that the child was made a party to the proceedings before the motion to transfer was filed. We observe that a child is a "permissible" but not a "necessary"
*1195 party to parentage proceedings. § 26-17-612(a), Ala. Code 1975. In his petition to this court, the father does not argue that the motion to transfer was inappropriately filed by a nonparty. Instead, the father argues that "the minor child (five (5) months of age) while having standing to maintain the proceeding, failed to cure his incapacity, as a minor," because no guardian ad litem had been appointed for the child before the transfer order was entered. In support of that contention, the father cites only § 26-17-602, Ala. Code 1975, which states, in pertinent part:
"[A] proceeding to adjudicate parentage may be maintained by:
"(1) the child;
"...
"(6) a representative authorized by law to act for an individual who would otherwise be entitled to maintain a proceeding but who is deceased, incapacitated, or a minor;
"...."
The father does not offer any relevant legal authority to support his position that the appointment of a guardian ad litem was required for the child in these circumstances or to demonstrate how such a failure compels the vacation of the transfer order. We note that § 26-17-612(b) provides that, in parentage proceedings, "[t]he court shall appoint a guardian ad litem to represent a minor ... child if the child is a party or the court finds that the interests of the child are not adequately represented." As noted, the child was not made a party to the proceedings, and the father does not present any argument that the child was inadequately represented, as required by § 26-17-612(b).[1] The petitioner seeking a writ of mandamus has the affirmative burden to prove a clear legal right to the relief sought. Ex parte Children's Hosp. of Alabama, supra. The father has not established that a guardian ad litem was required to be appointed under § 26-17-612(b). Furthermore, the father has not established a clear legal right to the vacation of the order granting the motion to transfer based on the lack of an appointment of a guardian ad litem.
Regarding the merits of the order transferring the action, the father argues that Limestone County is a proper venue for the action pursuant to § 26-17-605, Ala. Code 1975. Although the order granting the motion to transfer does not specify which ground the trial court relied upon, the arguments advanced in the trial court by the attorney for the child apprised the father of two possible grounds for the granting of the motion. The brief in support of the motion to transfer first argues that Limestone County was an improper venue pursuant to § 26-17-605, which provides:
"Venue for a proceeding to adjudicate parentage is in the county of this state in which:
"(1) the child resides;
"(2) the defendant resides;
"(3) a proceeding for probate or administration of the presumed or alleged father's estate has been commenced; or
"(4) the plaintiff resides, only if the circumstances in subdivisions (1), (2), or (3) do not apply."
The other argument was that, in the event the trial court determined that Limestone County was a proper venue under § 26-17-605, the doctrine of forum non conveniens *1196 pursuant to § 6-3-21.1, Ala. Code 1975, required the transfer of the action to Tuscaloosa County for the convenience of the parties and witnesses or in the interest of justice. See § 6-3-21.1(b), Ala. Code 1975 ("The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20, Section 6-3-21, or Alabama Rules of Civil Procedure."); Ex parte Ford Motor Co., 47 So.3d 234, 240 n.5 (Ala. 2010) ("[N]othing prevents a defendant ... from filing a motion to transfer based on both grounds[, i.e., (improper venue and the doctrine of forum non conveniens),] as alternative arguments ....").
Section 6-3-21.1(a), Ala. Code 1975, provides, in relevant part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
Even if we agreed that Limestone County was a proper venue pursuant to § 26-17-605, the father does not sufficiently address the application of the doctrine of forum non conveniens to the order transferring the action to Tuscaloosa County, and that issue is waived. See Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) ("When an appellant fails to argue an issue in its brief, that issue is therefore waived."). Thus, the father has not established a clear legal right to the vacation of the order granting the motion to transfer. See Ex parte Sikes, 218 So.3d 839, 847 (Ala. Civ. App. 2016) (" 'This court is required to affirm a judgment if the appellant has waived any arguments regarding an alternative basis for the judgment.' " (quoting Drake v. Alabama Republican Party, 209 So.3d 1118, 1122 (Ala. Civ. App. 2016) )).
The father further asserts that the prospective adoptive parents were the actual persons who caused the motion to transfer to be filed, and he argues that they do not have standing in the action. The father does not cite legal authority in support of this argument. " Rule 21(a), Ala. R. App. P., requires that a petition to an appellate court for the writ of mandamus 'shall contain ... a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.' " Ex parte Showers, 812 So.2d at 281. Without an argument supported by legal authority, the father has not established a clear legal right to the relief sought.
Conclusion
Based on the foregoing, we hold that the father has not demonstrated a clear legal right to a writ of mandamus directing the trial court to vacate its order granting the child's motion to transfer the action. The petition for a writ of mandamus, therefore, is due to be denied.
PETITION DENIED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that any party to these proceedings is entitled to be represented by counsel. § 26-17-613(a), Ala. Code 1975.