MURDOCK, Justice.
Kevin Geeslin filed this action challenging a “convenience fee” and “token fee” charged in connection with his on-line electronic filing of a civil action — fees assessed in addition to the statutorily defined filing fee that were mandated by a September 6, 2012, administrative order issued by then Chief Justice Charles Malone. That order purported to make mandatory the on-line, or electronic, filing of all documents filed in civil actions in Alabama circuit courts and district courts by parties represented by an attorney. Alabama’s on-line document-filing system, known as “AlaFile,” requires credit-card payment of filing fees and charges users a “convenience fee” in addition to the filing fees. Geeslin filed this putative class action in the Montgom *964 ery Circuit Court, naming as defendants Chief Justice Malone in his official capacity[1] and On-Line Information Services, Inc. (“On-Line”), the company that manages and maintains the electronic-filing system for the Alabama Administrative Office of Courts (“AOC”). Geeslin álleges that Chief Justice Malone’s order was unconstitutional and that the fees collected over and above the statutorily defined filing fee amounted to an illegal tax. Geeslin sought a judgment declaring the convenience fee and another “token fee” unconstitutional and a refund of the fees paid by him and the other putative class members. The Chief Justice and On-Line moved to dismiss the complaint. The trial court granted the motion to dismiss, and. Geeslin appeals. We affirm in part, reverse in part, and render a judgment for Geeslin on his declaratory-judgment claim.
I. Background
Before the issuance of Chief Justice Malone’s administrative order of September 6, 2012, electronic filing was an optional method of filing in civil cases in Alabama circuit and district courts. Electronic filing in legal actions in Alabama is of relatively recent origin. On July 29, 2005, this Court issued an administrative order authorizing a pilot program for electronic filing for civil matters in certain Alabama counties. The order authorized the Administrative Director of Courts (“the ADC”) to promulgate procedural rules for electronic filing and to issue any administrative directives necessary to implement the pilot program. Under the administrative regulations developed by the ADC, attorneys who .participated in voluntary electronic filing could do so only by paying court fees associated with electronically filed documents by credit card, for which they were charged an additional 4% “convenience fee.” Because the electronic filing requiring this payment was voluntary, however, so too, in effect, was the convenience fee.[2]
In connection with this Court’s authorization of the pilot program, AOC began working with On-Line, a software-development company, to develop a system for electronic filing. On-Line and AOC eventually developed what is now known as AlaFile and also developed related document-storage and document-management systems. At all times relevant to this appeal, On-Line has provided software *965 support and management and development services to AOC under the terms of a licensing and services agreement. In the agreement, On-Line is designated as a “limited agent of the AOC” for the purpose of collecting all charges and filing fees paid through use of AlaFile. On-Line collects all statutory filing fees and convenience fees as a limited agent of AOC and remits the statutory filing fees to AOC. The agreement entitles On-Line to retain the convenience fees.
The , pilot program was successful and eventually was expanded statewide so that all circuit and district courts could participate in electronic filing through AlaFile. Effective October 24, 2008, .this Court amended Rule 5 of the Alabama Rules of Civil Procedure to recognize electronic filing as an optional means of filing and service in every county in Alabama. See Rule 5(b) and (e), Ala. R. Civ. P. Indeed, the Committee Comments to Amendments to Rule 5 Effective October 24, 2008, which were also approved by this Court, made clear that electronic filing was an “optional” means of filing and service. (“The additions to Rule 5(b) and Rule 5(e) recognize that electronic filing is now an optional means of filing and service in every county in Alabama.” (Emphasis added.)) The administrative regulations concerning electronic filing developed by AOC continued to provide that users were to pay a 4% convenience' fee above the filing fees and court costs paid. Furthermore, users' of AlaFile can elect to store their payment information for future use.- Users who elected to store such information were charged a $0.05 “token fee.” This charge, however, is purely voluntary. See note 2, supra, and accompanying text. ■
On September 6,2012, Chief Justice Malone issued his administrative order purporting to direct that, effective October 1, 2012, all documents filed in civil actions in Alabama circuit courts or district courts by a party represented by an attorney must be filed electronically. The order reads as follows:
“IN THE SUPREME COURT. OF ALABAMA
“ADMINISTRATIVE ORDER
“WHEREAS, pursuant to 'Article VI, Section 149, of the Constitution of Alabama, the Chief Justice of the Supreme Court of Alabama is the administrative head of the judicial system; and “WHEREAS, ’ Section 12-2-30(b)(7), Code of Alabama 1975, authorizes and empowers the 'Chief Justice, ‘[t]o take affirmative and appropriate action to correct or alleviate any condition or situation adversely affecting the administration of justice within the state’; and “WHEREAS, Section 12-2-30(b)(8), Code of Alabama 1975, authorizes and empowers the Chief Justice ‘[t]o take any such other, further or additional action as may be necessary for the orderly administration of justice within the state, whether or not enumerated [in the law],’
“IT IS THEREFORE ORDERED AND DIRECTED that' effective October 1, 2012, all documents filed.by any party represented by an attorney shall be filed electronically through the AlaF-ile application in all civil divisions of the circuit and district courts including: Circuit Civil (CV); District Civil (DV); Small Claims (SM); Domestic Relations (DR); and, Child Support (CS). Documents may still be filed in open court at the trial judge’s discretion. If documents are filed in open court, the attorney filing the document is responsible for filing the document electronically through AlaFile on the same day.. Additional details and instructions may be found in the ‘Administrative Policies and Procedures for Electronic Filing in the *966 Civil Divisions of the Alabama Unified Judicial System.’
“Most documents that are filed in a ease can be filed electronically. Document types that are not available will be listed on the http://efile.alacourt.gov/ website and should be filed conventionally. As additional document types become available for electronic filing, the Administrative Director of Courts (ADC) may expand the scope of the mandate for electronic filing by directive.
“A hardship exception allowing an attorney to file in paper may be obtained for an attorney who cannot file electronically due to exceptional circumstances. Requests for an exception should be submitted to the ADC for consideration and approval or disapproval by .the ADC.
“Effective October 1, 2012, all orders rendered by the judge assigned to a case in one of the civil divisions including: Circuit Civil (CV); District Civil (DV); Small Claims (SM); Domestic Relations (DR); and Child Support (CS) shall be rendered electronically by the judge through the AlacourtPlus application.
“A hardship exception allowing a judge to file an order in paper may be obtained for a judge who cannot file electronically due to exceptional circumstances. Requests for an exception should be submitted to the Administrative Director of Courts for consideration and approval or disapproval jointly by the Administrative Director of Courts and the Chief Justice.
“This administrative order does not prevent the Presiding Judge of a Judicial Circuit from entering an administrative order requiring electronic filing of documents by attorneys or electronic filing of orders by judges in other divisions of the circuit or district courts in that Judicial Circuit,
“Done this- 6th day of September 2012.
7s/ Charles R. Malone
“CHARLES R. MALONE
“CHIEF JUSTICE”
Despite the fact that the mandatory nature of the order was contrary to this Court’s previous recognition that the electronic filing was “optional,” the order was issued solely on the basis of Chief Justice Malone’s authority as Chief Justice, without the concurring vote of any other Justice.
Geeslin alleges that after the effective date of Chief Justice Malone’s order, he filed, through his attorney, a domestic-relations actio’n in the St. Clair Circuit Court. Pursuant to the policy mandated by Chief Justice Malone’s administrative order, Geeslin’s action was filed electronically, and Geeslin paid a $194.00 filing fee, plus a “convenience fee” and a “token fee.”[3] '
On November 21, 2012, Geeslin filed this action against On-Line and Chief Justice Malone in his official capacity as Chief Justice. He sought,. among other things, an injunction permanently restraining the Chief Justice and On-Line from continuing to collect the convenience fee and the token fee.
Count one of Geeslin’s complaint sought a judgment under Alabama’s declaratory-judgment act, § 6-6-220 et seq., Ala.Code 1976, declaring that the “convenience fee” and “token fee” paid by Geeslin constitute an illegal, and unlawful taking. Geeslin subsequently amended count one to assert that the Chief Justice’s order was without effect, because, he argued, the Chief Justice had no power to issue the administrative order unilaterally, i.e., without the *967 concurring votes of the majority of the Supreme Court. Geeslin also requested that the case be certified as a class action and that he be named the representative of a class of similarly situated litigants who have been forced to pay the convenience and token fees: Geeslin demanded that all such payments be refunded to him and the other members of the putative class.
In count two of his complaint, Geeslin alleged that the convenience fee and the token fee were collected in violation of his due-process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, and he asserted a claim against Chief Justice Malone and On-Line under 42 U.S.C. § 1983. Geeslin requested that' the court enter an order requiring the Chief Justice' and On-Line to “disgorge themselves of, restore, and refund” the fees Geeslin and the other members of the putative class had paid.
The Chief Justice and On-Line jointly moved to dismiss Geeslin’s complaint. As part of their motion, the Chief Justice and On-Line argued that Geeslin’s State-law claim for money damages against the Chief Justice in his official capacity was barred by the doctrine of sovereign immunity. Likewise, Geeslin’s § 1983 claim was barred, they argued, because the State of Alabama and its officials acting in their official capacities are not considered “persons” for the purposes of an action seeking damages under § 1983. On-Line argued that the State-law claim for money damages against On-Line, a limited State agent for the purpose of collecting the complained-of fees, was barred by the doctrine of State-agent immunity and that that part of the § 1983 claim seeking money damages against On-Line asserted in count two was barred by the doctrine of qualified immunity. The Chief Justice and On-line further argued that Geeslin’s claims for money damages were also barred by the voluntary-payment doctrine. The Chief Justice and On-Line further argued that, to the extent Geeslin sought injunctive relief, he had failed to allege or to plead the elements necessary for the court to issue an injunction under Rule 65, Ala. R. Civ; P., because, they argued, Geeslin had an adequate remedy at law— he could have challenged or sought exemption from the fees in his underlying civil action. The Chief' Justice and On-Line also correctly argued that Geeslin’s request for declaratory relief concerning the propriety of the administrative order mandating electronic filing failed to state a claim against On-Line, which had no , ability to create, amend, or repeal the administrative regulation in question. The Chief Justice and On-Line argued that the § 1983 claim was due to be dismissed because the collection of the convenience fee and the token fee did not deprive Geeslin of his due-process rights under the Federal Constitution. Finally,, the Chief Justice argued that Geeslin’s claims were due to be dismissed because, as a matter of law, the Chief Justice, as the administrative head of Alabama’s unified judicial system, had the power to issue the September 6, 2012, order, and that the convenience fee and token fee were not illegal or unconstitutional taxes, but were “user fees” authorized by State law. Each of the above arguments was briefed by the Chief Justice and On-Line and was argued before the trial court.
The motion to dismiss was argued before the trial court on February 7, 2013. That same day the trial court entered an order granting the Chief Justice and OnLine’s motion and dismissing Geeslin’s complaint.
II. Analysis.
On appeal, Geeslin argues that the trial court erred in dismissing the complaint because: (1) the Chief Justice, Gees-lin argues, acting alone and without the concurring votes: of ⅛ majority of the Su *968 preme Court, lacked the authority to issue the September 6, 2012, administrative order; and (2) the convenience fee and token fee paid by users of AlaFile, he argues, constitute illegal and unconstitutional taxes. He makes these arguments, however, only in the context of his claim for a declaratory judgment, which involves only the Chief Justice. “In order to secure a reversal, ‘the appellant has an affirmative duty of showing error upon the record.’ ” Alabama Dep’t of Transp. v. Reid, 74 So.3d 465, 469 (Ala.Civ.App.2011) (quoting Tucker v. Nichols, 431 So.2d 1263, 1264 (Ala.1983)). We therefore limit our review of the trial court’s judgment to the issue of the viability of Geeslin’s declaratory-judgment claim.
Geeslin’s declaratory-judgment claim seeks a declaration that Chief Justice Malone’s September 6, 2012, order was “illegal and unconstitutional ... because it was not concurred in by at least four additional Justices of the Supreme Court of Alabama.” Geeslin contends that, because the order mandated the electronic filing in all civil actions in which a party was represented by counsel, the associated fees charged in additioh to the filing fee were a “tax levied by judicial fiat.”
In response, the Chief Justice contends that Art. VI, .§ 149, Alabama Const.1901, together with § 12-2-30(b)(7)-(8), Ala. Code 1975, give the Chief Justice broad administrative authority to issue the types of orders made the basis of this appeal. Furthermore, he argues that the “convenience fee” is not a “tax” and is exjpressly authorized by § 41 — 1—60, Ala.Code 1975, and Rule 41, Ala. R. Jud. Admin.
We turn first to the Chief Justice’s power to issue to the September 6, 2012, order without the concurrence of a majority of the Supreme Court. Section 149 establishes that “[t]he chief justice of the supreme . court shall be the administrative head of the judicial system.”[4] The Alabama Code further defines the administrative authority of the Chief Justice. Section 12-2-30(b), Ala.Code 1975, provides that, among other things, “the Chief Justice is authorized and empowered”:
“(7) To take affirmative and appropriate action to correct or alleviate any condition or situation adversely affecting the administration of justice within the state.
“(8) To take any such other, further or additional action as may be necessary for the orderly administration of justice within the state, whether or not enumerated in this section or elsewhere.”
Notwithstanding the above provisions, the Chief Justice’s broad powers to effectuate his or her role as administrative head of the court system are not unlimited. Although the Alabama Constitution provides that the Chief Justice is the administrative head of the judicial system, the Constitution vests the Supreme Court with the power to promulgate rules governing the administration of all 'courts. Section 150, Ala. Const.1901, provides: “The supreme court shall make and promulgate rules governing the administration of all courts and. rules governing practice and procedure in all courts.... ” Furthermore, the legislature, in § 12-2-19(a), Ala.Code 1975, expressly recognized that “the - Supreme Court now has the initial primary duty to make and promulgate rules gov *969 erning practice and procedure in all courts, as well as rules of. administration for all courts....”
In Ex parte State ex rel. James, 711 So.2d 952 (Ala.1998), a three-justice plurality discussed the Chief Justice’s authori-' ty to act unilaterally. In that case, which concerned whether the Chief Justice had the power to order a circuit judge to remove a Ten Commandments display from his courtroom, the main opinion reasoned, in part, as follows:
“Authority to issue such ‘order as may be necessary [for] general supervision and control of courts of inferior jurisdiction,’ is vested by Amendment 328, 6.02 [now § 140, Ala. Const. 1901 (Off.Recomp.) ], in the Supreme Court. Similarly, it is the Supreme Court that is charged by Amendment 328, 6.08 [now § 147, Ala. const. 1901 (Off.Recomp.) ], with ‘adopting] rules of conduct and canons of ethics ... for the judges of all courts of this State.’ ' Again, it is the Supreme Court that is charged by Amendment 328, 6.11 [now § 150, Ala. Const. 1901 (Off.Recomp.)], with the duty to ‘make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts.’
“The significance of the term ‘supreme court’ in 6.02, 6.08, and 6.11 is illustrated by Ala. R.App. P. 16(b), which provides:
“ ‘The concurrence of five justices in the determination of any cause shall be necessary ..., except when, by reason of disqualification the number of justices .., is.reduced, in which event the concurrence of a majority, of the justices sitting shall suffice; but, in no event, may a cause be determined unless at least four justices sitting shall concur therein. ’.
“(Emphasis added.) Indeed, as a ‘horn-book’ principle of practice and procedure, no appellate pronouncement becomes binding on inferior courts unless it-has the concurrence of a majority of the Judges or Justices qualified to decide the cause. Simply stated, action by the. Chief Justice is not synonymous with action by-the ‘Court.’ ”
711 So.2d at 963-64.
The methpd by which filing and service must be accomplished is inherently a rule of practice, procedure, and administration, see Rule 5, Ala. R. Civ. P., the promulgation of which the Alabama Constitution vests solely in the Supreme Court. § 150, Ala. Const.1901. Consistent with that understanding, a majority of this Court concurred to authorize'the use of electronic-document filing in the courts of this State and authorized the ADC to implement and administer the electronic-filing system. This Court, however, has never authorized mandatory electronic filing. To the contrary, in adopting the Committee Comments to the Amendments to Rule 5 of the Alabama Rules of Civil Procedure Effective October 24, 2008, this Court expressly recognized electronic filing as an “optional” means of. filing and service. Chief Justice. Malone’s September 6, 2012, administrative order requiring mandatory electronic filing by all parties represented by an attorney in a civil action had the effect of modifying the existing rules of filing and service established by this Court. Accordingly, we hold that, in issuing the September 6, 2012, administrative order, the Chief Justice exceeded his administrative authority. That order shall no longer be of any force or effect.
Based on the foregoing, we pretermit discussion of Geeslin’s additional argument that the convenience fee and the token fee amount to unconstitutional “taxes.”
III. Conclusion
■ We affirm the judgment of dismissal as it .relates to all claims against On-Line, to *970 all claims seeking monetary relief and in-junctive relief, and to the action asserted against the Chief Justice under § 1983. As 'to- the declaratory-judgment claim against the Chief Justice,' we reverse the trial court’s judgment of dismissal and render a judgment in favor of Geeslin.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
PARKER, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., recuses himself.

. Chief Justice Roy Moore, upon assuming the office of Chief Justice, was automatically substituted for Chief Justice Malone. See Rule 43, Ala. R.App. P.

. Section 41-l-60(a), Ala.Code 1975, provides that "any officer or unit of state government required or authorized to receive or collect any payments [for] state government may accept a credit card payment of the amount that is due." Section 41-1-60 further provides:
"(e) An officer or board or other body authorizing acceptance of credit card payments may impose a surcharge or convenience fee upon the person making a payment by credit card to wholly or partially offset, but not to exceed[,] the amount of any discount or administrative fees charged to state government. The surcharge- or convenience fee shall be applied only when allowed by the operating rules and regulations of the credit card involved. When a party elects to make a payment to state government by credit card and a surcharge or convenience fee is imposed, the payment of the surcharge or convenience fee shall be deemed voluntary by the party and shall not be refundable.”
(Emphasis added.) Rule 41(A), Ala. R. Jud. Admin., permits payment of court fees by credit card and provides that “[t]he process for accepting payments by credit card must comply with § 41-1-60.” Rule 41(B) provides that "[c]onvenience fees and other administrative fees levied for the,privilege of paying assessments, fees, costs, fines, or forfeitures by credit card shall be taxed as costs when costs are taxed by the court.” (Empha.sis added.)

. Geeslin’s complaint alleges that the convenience fee of 4% was $13.84 and that the additional token fee was $0.05, We note that 4% of $194.00 is $7.76.

. Section 149 provides:
"The chief justice of the supreme court shall be the administrative head of the judicial system. He shall appoint an administrative director of courts and other needed personnel to assist him with his administrative tasks. The chief justice may assign appellate justices and judges to any appellate court for temporary service and trial judges, supernumerary justices and judges, and’ retired trial judges and retired appellate judges for temporary service in any court....”