STUART, Justice.
Nationwide Mutual Fire Insurance Company (“Nationwide”) and State Farm Mutual Automobile Insurance Company (“State Farm”) filed a declaratory-judgment action in the United States District Court for the Northern District of Alabama, Southern Division, seeking, among other things, a determination of the status of a settlement agreement they had reached with D.V.G., a minor, resolving her claims for coverage stemming from injuries she received in an automobile accident, following her death in a subsequent unrelated automobile accident before the Jefferson Circuit Court approved that settlement agreement. The federal district court ultimately concluded that the issue presented involved a question of Alabama law for which there was no clear controlling precedent, and it therefore certified the following question to this Court pursuant to Rule 18, Ala. RApp. P.:
“Under Alabama law, is an insurance company bound to a settlement agreement negotiated on behalf of an injured minor, if that minor dies before the scheduling of a pro ami hearing which was intended by both sides to obtain approval of the settlement?”
We consented to answer the question, and we now answer it in the affirmative.
I.
The federal district court provided the following statement of facts, which was stipulated to by the parties, in the certification order filed with this Court on August 17, 2012:
*984 “On or about March 16, 2011, D.V.G. was an occupant of a vehicle driven by K.C.T. that was involved in a single-vehicle motor vehicle accident in Hoover, Alabama. At the time of the subject accident, the vehicle occupied by D.V.G. and driven by K.C.T. was insured under a policy of insurance issued by [Nationwide]. This Nationwide policy provided for personal injury liability coverage. At the time of the subject accident, D.V.G. also possessed uninsured/under-insured motorist coverage under a policy of insurance issued by [State Farm].
“Stan Brobston, acting as attorney for D.V.G., who was a minor at the time of the subject collision, made insurance claims for personal injury against K.C.T., who submitted the claim under the Nationwide liability policy and for uninsured/underinsured motorist coverage under the State Farm policy, but did not file suit. On or about August 5, 2011, a letter was written to Ralph D. Gaines, III [attorney for Nationwide], and forwarded to Stan Brobston, as counsel for D.V.G., confirming that Nationwide was tendering its bodily injury liability limits of $50,000.00 to D.V.G. On or about September 7, 2011, State Farm informed Stan Brobston, as counsel for D.V.G., that it was tendering its available uninsured/underinsured motorist limits of $50,000.00 to D.V.G. The offers made by Nationwide and State Farm, which totaled $100,000, were accepted by Stan Brobston as the attorney for D.V.G. It was the understanding of all parties that the settlement needed to be submitted to the Circuit Court of Jefferson County for approval.
“On or about September 15, 2011, D.V.G. passed away as the result of injuries sustained in an unrelated motor vehicle accident that occurred on that date. The parties agree that D.V.G.’s death was not related to the alleged injuries sustained in the subject accident on March 16, 2011. As of the date of her death, there had been no complaint filed by or on behalf of D.V.G., asserting claims for personal injury of UM/UIM benefits against K.C.T. and/or State Farm in relation to the automobile accident occurring on March 16, 2011. No pro ami hearing was ever held, and a court never approved the settlement.”[1]
II.
The relevant facts in this case are undisputed. “Because the issues before us involve only the application of law to undisputed facts, our review is de novo.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 810 (Ala.2005) (citing Alfa Mut. Ins. Co. v. Small, 829 So.2d 743, 745 (Ala.2002); and Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala.1996)).
III.
“Under the Alabama survival statute, § 6-5-462, Ala.Code 1975, an unfiled claim sounding in tort will not survive the death of the person with the claim, Malcolm v. King, 686 So.2d 231 (Ala.1996); Georgia Cas. & Sur. Co. v. White, 582 So.2d 487 (Ala.1991). A claim on a contract, on the other hand, survives in favor of a decedent’s personal representative, regardless of whether the decedent had filed an action before his death, McCulley v. SouthTrust Bank of Baldwin County, 575 So.2d 1106 (Ala. *985 1991); Benefield v. Aquaslide ‘N’ Dive Corp., 406 So.2d 873 (Ala.1981).”
Brooks v. Hill, 717 So.2d 759, 763 (Ala.1998). Thus, it is undisputed that any potential tort claims D.V.G. held were extinguished when she died; the issue before us is whether she held any contractual claims at her death that are now enforceable by the administratrix of her estate, her mother Barbara Walker Wood. Wood argues that the settlement agreed to by D.V.G.’s attorney Stan Brobston and Nationwide and State Farm is a valid contract that Wood can now enforce. Nationwide and State Farm argue that the settlement agreement was an executory contract that would not be complete and binding until it was approved by the Jefferson Circuit Court following a pro ami hearing. Alternatively, they argue that, even if the settlement agreement was a binding and enforceable contract, the pro ami hearing was a condition precedent to the performance of the contract and that hearing is now impossible as a result of the death of D.V.G.; consequently, they argue, their duty to perform under the contract is discharged.
Based on the stipulated facts, it is apparent that a contract did exist at the time of D.V.G.’s death. Nationwide and State Farm have argued that a minor lacks capacity to contract and cannot enter into a binding settlement of his or her potential claims; however, this argument is incom-píete. As this Court has stated, “ ‘[i]t is well settled by the authorities that infants are not liable on any of their contracts, except for necessaries. With the exception, all other contracts of infants, whether executory or executed, may be avoided or ratified at the election of the infant.’ ” H & S Homes, L.L.C. v. McDonald, 823 So.2d 627, 630 (Ala.2001) (quoting Harris v. Raughton, 37 Ala.App. 648, 649, 73 So.2d 921, 922 (1954) (emphasis added)). See also Davis v. Turner, 337 So.2d 355, 361 (Ala.Civ.App.1976) (stating that contracts entered into by minors are “not void, but voidable only” and “not totally ineffectual, [but] merely unenforceable if later repudiated”). Thus, at the time the settlement was agreed to, a contract was formed that was binding upon Nationwide and State Farm but voidable at D.V.G.’s election.[2] See also White v. Allied Mut. Ins. Co., 29 Kan.App.2d 797, 802, 31 P.3d 328, 332 (2001) (minor not bound by settlement agreement until court approval was obtained, but other party was “bound not to revoke or attempt to withdraw its offer” prior to the court hearing); Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir.1978) (settlement was voidable at election of minor until approved by the court); and Danes v. Automobile Underwriters, Inc., 159 Ind.App. 505, 511, 307 N.E.2d 902, 906 (1974) (settlement of minor’s claim not void ab initio but voidable until court approval is obtained).
Nationwide and State Farm nevertheless argue that the fact that no hearing *986 was held to allow a court to approve the settlement — a hearing that all parties agree was required to take place — nullifies the agreed-upon settlement and releases them from their obligations under that settlement either because the contract was mutually executory or because the contemplated hearing was a condition precedent to their performance. Either argument is premised on the theory that the hearing and court approval is now impossible because of D.V.G.’s death — if D.V.G. cannot execute her obligation to obtain court approval of the settlement, Nationwide and State Farm argue, then they are likewise excused from fulfilling their obligations of paying her the sums agreed upon in the settlement, and, if obtaining court approval was a condition precedent, their duty to perform under the settlement agreement does not arise until that act is accomplished. See Lemoine Co. of Alabama, L.L.C. v. HLH Constructors, Inc., 62 So.3d 1020, 1025 n. 5 (Ala.2010) (noting that “Black’s Law Dictionary defines ‘condition precedent’ as ‘[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises.’ Black’s Law Dictionary 812 (8th ed.2004).”).
However, although Nationwide’s and State Farm’s arguments are based on sound principles of contract law, they nevertheless ultimately fail because they are based on the unsupported premise that D.V.G.’s death makes it impossible for the settlement agreement to be submitted to the Jefferson Circuit Court for approval. As Wood argues in her brief:
“[Nationwide and State Farm] here take the position that [D.V.G.’s] death prior to a pro ami hearing makes, fortuitously for them, such a hearing impossible. However, no citation is given for such a proposition. All of the evidence necessary for a trial court to make a pro ami determination abides. A hearing to approve the agreement could yet be held but for the refusal on the part of [Nationwide and State Farm] in the instant case.”
Wood’s brief, pp. 6-7. In their briefs, Nationwide and State Farm counter that they have cited Mayo v. Andress, 373 So.2d 620, 625 (Ala.1979), for the proposition that D.V.G.’s death makes a pro ami hearing impossible; however, that citation supports only the general proposition that “the promisor must perform unless the performance is rendered impossible by act of God, by the law, or by the other party.” (Torbert, C.J., concurring specially). Mayo in no way indicates that it would be impossible for a trial court to rule on whether a contract agreeing to settle a minor’s claims was in the minor’s best interest, though the minor is now deceased. For all that appears, the evidence required for such a hearing in this case is still available, even though the now deceased minor is not.[3] It is established law that a decedent’s contract claims survive his or her death, and, because we have *987 held that the settlement agreement was a contract voidable at D.V.G.’s election, we can think of no reason why a trial court could not make a determination of the fairness of that contract even after the minor’s death. For these reasons, we answer the certified question in the affirmative.
IV.
Under Alabama law, an insurance company is bound to a settlement agreement negotiated on behalf of an injured minor, even if that minor dies before the scheduling of the court hearing that all parties agreed was necessary to obtain approval of the settlement agreement. In accordance with the parties’ understanding, such a hearing is still required, and the minor’s death does not render that hearing impossible. We thus answer in the affirmative the question certified to this Court.
QUESTION ANSWERED.
MOORE, C.J., and BOLIN, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.

. There was apparently some argument in the federal district court as to whether the offer and acceptance communicated between attorneys was sufficient to establish a settlement agreement. However, the question as certified assumes the existence of a settlement agreement, and, for purposes of this opinion, we do likewise.

. Nationwide and State Farm cite Tennessee Coal, Iron & R.R. v. Hayes, 97 Ala. 201, 210, 12 So. 98, 103 (1892), for the proposition that a settlement agreement entered into on behalf of a minor is invalid until it receives court approval. ("[The next friend's] mere consent is nugatory. It is as if it were not and had never been."). However, it is apparent that the Court was speaking only of the next friend's ability to bind the minor, not the other party. See 97 Ala. at 209, 12 So. at 103 ("[The next friend] can not release the cause of action, nor compromise it, nor submit it to an arbitration the result of which will bind the infant.” (emphasis added)).
Moreover, we note that in this case it is unclear whether Wood was involved in negotiating or approving the settlement. No action had been initiated by Wood on D.V.G.'s behalf at the time of the settlement, and the stipulated facts before us indicate only that Brobston negotiated the settlement "acting as attorney for D.V.G.”

. Indeed, Wood has asserted that the only reason a hearing has not been held is because Nationwide and State Farm refuse to take part. As the Kansas Court of Appeals held in a similar case, such a refusal is improper:
"The 'friendly' hearing intended to obtain court approval of the settlement agreement qualified as a condition precedent for the settlement agreement. [The insurer] undertook to arrange the hearing and then refused to go forward with it. This it could not do.
" ‘ "The rule is clear and well settled, and founded in absolute justice, that a party to a contract cannot prevent performance by another and derive any benefit, or escape any liability, from his own failure to perform a necessary condition. [Citations omitted.] And this is the universal rule. [Citations omitted.]”' [Wallerius *987 v. Hare,] 194 Kan. [408,] 412, 399 P.2d 543 [(1965)].”
White, 29 Kan.App.2d at 803, 31 P.3d at 332.