MOORE, Judge.
Sheila W. Austin, as administrator of the estate of Rose Williams McMillan, deceased, appeals from a summary judgment entered by the Mobile Circuit Court (“the trial court”) in favor of Providence Hospital (“Providence”) and Sedgwick Claims Management Services, Inc. (“Sedgwick”), on Austin’s claim alleging breach of contract. We affirm.
On January 16, 2013, Austin filed a complaint in the trial court against Providence, Sedgwick, and a number of fictitiously named defendants, asserting breach of contract. Providence and Sedg-wick filed an answer and an amended answer to Austin’s complaint, asserting a number of affirmative defenses. Providence and Sedgwick subsequently filed a joint motion for a summary judgment. Austin responded to that motion and filed her own summary-judgment motion, to which Providence and Sedgwick responded by amending their motion for a summary judgment.
The materials submitted to the trial court by the parties reveals the following undisputed facts. Rose Williams McMillan (“the employee”) sustained an injury arising out of and in the course of her employment with Providence for which she was entitled to future medical benefits pursuant to the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala. Code 1975. Providence is a self-insured employer whose workers’ compensation claims are administered by Sedgwick. See Rule 480-5-2-.02(7), Ala. Admin. Code (Department of Labor). On October 27, 2011, the employee agreed to settle her claim for future medical benefits for $75,000. Because the employee was eligible for Medicare, counsel representing Providence and Sedgwick submitted the settlement and a Workers’ Compensation Medicare Set-aside Arrangement proposal to the Department of Health and Human Services, Centers for Medicare and Medicaid Services (“CMS”). See “Workers’ Compensation Medicare Set-Aside Arrangement (WCMSA) Reference Guide,” COBR-Q1-2014-V.2.1 (Feb. 3, 2014).[1] On November 29, 2012, CMS approved the proposal, requiring $37,951 of the $75,000 settlement amount be reserved for future medical care and drug expenses related to the employee’s work injuries. The employee died on December 9, 2012, and, based upon her death, counsel for Providence and Sedgwick indicated that the settlement agreement would not be honored. As a result, Austin initiated the underlying breach-of-contraet action.
On April 17, 2013, the trial court entered a summary judgment in favor of Providence and Sedgwick. Austin filed a notice of appeal to the Alabama Supreme Court on May 20, 2013; that court transferred *1030 the appeal to this court based on lack of appellate jurisdiction.
In its judgment, the trial court indicated that it was entering a summary judgment in favor of Providence and Sedgwick for two reasons. First, the trial court determined that the breach-of-contract action was barred by §§ 25-5-52 and 25-5-53, Ala.Code 1975, which are collectively known as and sometimes hereinafter referred to as “the exclusivity provisions” of the Act. Section 25-5-52 provides, in pertinent part:
“Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative ... of the employee shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.”
(Emphasis added.) Section 25-5-53 provides, in pertinent part:
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative ... at common law, by statute, or otherwise on account of injury, loss of services, or death.”
(Emphasis added.) Based on the exclusivity provisions, the trial court determined that Austin could maintain the breach-of-contract action only if such an action was specifically authorized by the terms of the Act. The trial court noted that § 25-5-57(a)(5), Ala.Code 1975, governs the liability of an employer for unpaid disability benefits due under a settlement agreement but that no part of the Act imposes liability upon an employer for unpaid medical benefits due under a settlement agreement. Hence, the trial court determined that Austin did not have any claim to the proceeds of the settlement agreement.
Second, the trial court concluded that the settlement agreement was not valid because it had not been approved by a circuit court and because it could not be made valid due to the death of the employee. Section 25-5-56, Ala.Code 1975, provides, in pertinent part:
“Nó settlement for an amount less than the amounts or benefits stipulated in this article shall be valid for any purpose, unless a judge of the court where the claim for compensation under this chapter is entitled to be made, or upon the written consent of the parties, a judge of the court determines that it is for the best interest of the employee or the employee’s dependent to accept a lesser sum and approves the settlement.”
The trial court reasoned that, because medical benefits under the Act are payable without any time limitation, any settlement of future medical benefits payable in a single lump sum would reduce the benefits available to the employee, thus requiring court approval to be valid. The materials submitted to the trial court showed that the parties had contemplated obtaining court approval of the settlement but that the employee had died before a hearing could take place. The trial court maintained that it could not hold the “best-interests hearing” required by § 25-5-56 without the presence of the employee.
On appeal, Austin argues that parties to civil litigation may agree to a settlement that is as binding as any other contract, see King v. Travelers Ins. Co., 513 So.2d 1023, 1026 (Ala.1987), and that §§ 6-5-462 and 6-5-465, Ala.Code 1975, allow for valid and enforceable contracts to survive the death of the parties. Austin maintains that the settlement agreement became un *1031 conditional once CMS approved the set-aside arrangement it in November 2012. Austin also contends that a circuit court did not have to approve the settlement in order for it to be valid because, she says, the amount of money the employee would receive in the settlement exceeded the monetary value of her future medical care, as evidenced by the $37,951 figure established by CMS, so she was actually receiving a benefit beyond that to which she was entitled under the Act. Austin lastly maintains that, if necessary, the trial court could hold a “best-interests hearing” to approve the settlement despite the death of the employee. See Nationwide Mut. Ins. Co. v. Wood, 121 So.3d 982 (Ala.2013) (holding that death of minor before agreed-upon pro ami hearing did not render settlement agreement unenforceable because evidence to establish whether settlement served minor’s best interests remained available).
Assuming for the sake of argument that Austin is correct as to all of those points, it remains that Austin has failed to address the trial court’s primary ground for entering the summary judgment. In her brief to this court, Austin does not argue that the trial court erred in concluding that the exclusivity provisions render §§ 6-5-462 and 6-5-465 inapplicable to actions alleging breach of a workers’ compensation settlement agreement. Furthermore, Austin does not attempt to explain how her claim would fall outside the scope of the exclusivity provisions. See generally Smith v. West Point-Pepperell, Inc., 431 So.2d 1268, 1269 (Ala.Civ.App.1983) (concluding that the exclusivity provisions of the Act precluded application of § 6-5-462 regarding survivorship of a deceased employee’s claim).
When a trial court enters conclusions of law stating alternative legal grounds for its judgment, the failure of an appellant to show error as to each ground in his or her opening brief constitutes a waiver of any argument as to the omitted ground and results in an automatic affir-mance of the judgment. See Soutullo v. Mobile Cnty., 58 So.3d 733, 738 (Ala.2010). Because Austin has failed to make any argument that the trial court erred in applying the Act to preclude her from enforcing the settlement agreement, we affirm the trial court’s judgment in favor of Providence and Sedgwick.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. On the date this opinion was released, a copy of this reference guide could be found at http://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/W orkers-Compensation-Medicare-Set-Aside-Arrangements/Downloads/February-03-2014WCMSA-Reference-Guide-Version-2_l.pdf.