WILSON, J., FOR THE COURT:
¶ 1. The claimant and the employer/carrier settled this workers’ compensation dispute and submitted a joint application for approval of the settlement to the Workers’ Compensation Commission. After the Commission received the application but before it approved the settlement, the claimant died. Two days later, the Commission approved the settlement, unaware that the claimant had passed away. The employer/carrier then moved to vacate the Commission’s prior order approving the settlement, arguing that the order was based on a mistake of fact — that the claimant was still alive — and should be set *262 aside. The Commission agreed and vacated its prior order approving the settlement,
¶ 2. For the reasons explained in more detail below, we conclude that the Commission erred as a matter of law. Under the Mississippi Workers’ Compensation Law, the settlement agreement between the claimant and the employer/earrier was due to be approved by the Commission unless the Commission found that it was not in the best interest of the injured worker. An injured worker’s non-work-related death, after a settlement agreement has already been signed and presented to the Commission for approval, does not implicate this statutory basis for disapproving a settlement. Accordingly, there was no material mistake of fact that justified setting aside the Commission’s prior order approving the settlement. We reverse and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶3. On March 3, 2014, Thomas Taylor was in the scope and course of his employment at Reliance Well Service Inc., when a pipe fell and struck him in the head and neck. Taylor sustained compensable injuries to his shoulder, neck, and back. After Taylor reached maximum medical improvement, he was assessed permanent work restrictions and an impairment rating as to his body as a whole.
¶ 4. On May 3, 2016, Taylor and Reliance Well[1] agreed to settle Taylor’s claim for a total sum of $71,659.43.[2] On May 6, counsel for Reliance Well sent counsel for Taylor signed settlement documents, including an application to the Commission for-approval of the settlement. Taylor countersigned the application, and it was delivered to the Commission on May 13. On May 16, Taylor died. On May 18, the Commission approved the settlement, unaware that Taylor had passed away. On May 20, counsel for Reliance Well emailed the Commission to inquire whether the settlement had been approved. Counsel’s email stated that she had just learned that Taylor had died on May 16.
¶ 6. On June 6, 2016, Reliance Well filed a motion to vacate the Commission’s order approving the settlement. Reliance Well made two arguments: First, “[bjecause the benefits paid to [Taylor] in the settlement [were] for permanent disability benefits, and because [Taylor] was in fact deceased at the time the [o]rder approving the settlement was entered, the settlement should be set aside, and the [o]rder vacated as. a matter of law.” Reliance Well characterized this as a “material mistake of fact.” Reliance Well further argued that such benefits were for the benefit of Taylor only and were not owed to his estate. Second, Reliance Well alleged that the settlement should be set aside based on a “misrepresentation of fact.” Specifically, Reliance Well alleged that, in the course of settlement discussions, Taylor represented that he would be unable to earn more than minimum wages due to his injuries and work restrictions, but reports of his death indicated that he was killed while working on the decommissioning of a cell phone tower.
*263 ¶ 6. In response, Taylor’s heirs[3] argued that his death was not a basis for setting aside the settlement. They also submitted an affidavit from Taylor’s supervisor at the job site on the date of .his death. The supervisor stated that he was familiar with Taylor’s work restrictions and that, at the time of his death, Taylor was employed only on a limited and irregular basis “when jobs were available within his restrictions.” [4]
¶ 7. On July 15, 2016, pursuant to' Mississippi Code Annotated section 71-3-53 (Rev. 2011), the Commission entered an order setting' aside its prior order approving the settlement. The Commission found that its prior order should be set aside because it “was issued based upon a mistake of fact that [Taylor] was still alive.” The Commission further stated that the settlement was for future disability benefits and medical expenses, which were intended to benefit only Taylor and were not owed to his estate.
STANDARD OF REVIEW
¶ 8. In general, our “review of a decision of the Workers’ Compensation Commission is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one’s constitutional or statutory rights.” Gregg v. Natchez Trace Elec. Power Ass’n, 64 So.3d 473, 475 (¶ 8) (Miss. 2011). In addition, we will not reverse the Commission’s decision to reopen a case pursuant to section 71-3-53 unless the decision was an abuse of discretion. Bennett v. United Parcel Serv., 382 So.2d 469, 472 (Miss. 1980); Armstrong Tire & Rubber Co. v. Franks, 242 Miss. 792, 799, 137 So.2d 141, 144 (1962). However,
[t]his Court affords de novo review to the Commission’s application of the law. The legal effect of the evidence, and the ultimate conclusions drawn by the Commission from the facts are questions of law, especially where .the facts are undisputed .... When the [Commission] has misapprehended a controlling legal principle, no deference is due, and our review is de novo.
Gregg, 64 So.3d at 475-76 (¶9) (internal citations, quotation marks, and alterations omitted),
DISCUSSION
¶ 9. Mississippi law favors voluntary agreements to compromise and settlé disputes. Estate of Cole v. Ferrell, 163 So.3d 921, 925 (¶ 18) (Miss. 2012); Parmley v. 84 Lumber Co., 911 So.2d 569, 573 (¶22) (Miss. Ct. App. 2005). A settlement is a contract, and like any other contract,' it will be enforced according to its terms based on general principles of contract law. Hastings v. Guillot, 825 So.2d 20, 23 (¶ 12) (Miss. 2002); Parmley, 911 So.2d at 572-73 (¶¶ 14, 21). As with any other contract, “for there to be a settlement there must be a meeting of the minds.” Hastings, 825 So.2d at 23 (¶ 12). Here, there is no dispute that there was a meeting of the minds prior to Taylor’s death. If this were an ordinary settlement, Taylor’s death would not affect the enforceability of the settlement.
*264 ¶ 10. However, workers’ compensation settlements differ from other types of settlements in one critical respect. The Workers’ Compensation Law states as follows:
Rules of the [C]ommission shall govern compromise payments where the prescribed schedules are not applicable and which, in its discretion, may be made in cases where it is not possible to determine the exact extent of disability, as for example in certain injuries to the back or head. ... Commutation and lump sum settlement payments shall be governed by rules of the [Cjommission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the [Cjommission having final authority in such questions.
Miss. Code Ann. § 71-3-29 (Rev. 2011). Applying this provision, the Mississippi Supreme Court has held that both compromise and lump sum settlements require Commission approval and “shall not be made ‘except when determined [by the Commission] to be in the best interest of the injured worker.’ ” Bailey Lumber Co. v. Mason, 401 So.2d 696, 704 (Miss. 1981). Commission Procedural Rule 15 likewise makes clear that the Commission will not approve lump sum or compromise settlements unless the settlement is in the claimant’s best interest. See Miss. Admin. Code § 20-2-1:2.15.
¶ 11. Against this legal background, this case raises questions of whether Reliance Well had a right to back out of its agreement to settle Taylor’s claim because he died before the settlement was approved by the Commission and whether Taylor’s death was a valid reason for the Commission to set aside its prior order approving the settlement. These are issues of first impression in Mississippi, although courts in other states have addressed similar issues.
¶ 12. In Rojo v. Loeper Landscaping Inc., 107 N.M. 407, 759 P.2d 194, 197 (1988), the New Mexico Supreme Court held that an employer was not entitled to repudiate its lump sum settlement of a workers’ compensation claim simply because the claimant died before the settlement was approved by the state administrative agency. Similar to Mississippi law, New Mexico law provided that the settlement had to be approved by an administrative hearing officer and that the hearing officer should approve the settlement only if it was fair and equitable and in accordance with the law. See id. at 196-97. In Rojo, the New Mexico Supreme Court held that the hearing officer should have approved the settlement despite the claimant’s death because the claimant’s death did not “satisfy the sole [statutory] basis ... for disapproval' ... of the settlement” — i.e., his death did not render the settlement unfair or inequitable. Id. at 197; accord, e.g., Schuck & Sons Constr. v. Ind. Comm’n of Ariz., 192 Ariz. 231, 963 P.2d 310, 314-15 (Ariz. Ct. App. 1998) (“We find [Rojo’s,] reasoning persuasive and adopt it.”).
II13. Other courts have reached different conclusions under other states’ workers’ compensation statutes. It is possible to distinguish the facts of many of these cases. For example, some involve independent actions to enforce unapproved settlements rather than, as in this case, an appeal from an order vacating a prior order approving the settlement. See, e.g., Tate v. Liberty Mut. Ins., 185 So.3d 468, 470-73 (Ala. Civ. App. 2015) (holding that a deceased employee’s estate could not enforce a workers’ compensation settlement reached prior to his death because the settlement had not been approved by a court, as required by statute); see also id. at 473 n.1 (citing additional cases from other states that reached differing conclu *265 sions on similar issues). In Tate, the court’s reasoning and conclusion were similar to that of our Workers’ Compensation Commission in the present case: that the settlement was, “by statute, not valid for any purpose until approved by the court.” Id. at 473.[5] Therefore, the court held that the settlement could not be enforced by the estate. Id.
¶ 14. Under Mississippi law, the Commission clearly has discretion to reopen a case in which it previously approved a settlement, if its prior order approving the settlement was based on a mistake of fact. See Miss. Code Ann. § 71-3-53; Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1296 (Miss. 1990). The issue here is whether the mistake of fact in this case— the Commission’s assumption that Taylor was still alive when it approved the settlement — related to a valid reason for setting aside the prior order approving settlement. This depends on whether Taylor’s death, after the settlement was submitted to the Commission but prior to its approval, would have been a valid reason for the Commission to refuse to approve the settlement in the first instance.
¶ 15. We conclude that Taylor’s death was not a valid reason for Reliance Well to back out of the settlement, for the Commission to refuse to approve the settlement, or for the Commission to vacate its order approving the settlement. The Commission was authorized to refuse to approve the settlement only if it determined that settlement was not “in the best interest of the injured worker or his dependents.” Miss. Code Ann. § 71-3-53; see Bailey Lumber Co., 401 So.2d at 704; Miss. Admin. Code § 20-2-1:2.15. Reliance Well has not shown how Taylor’s death, after the settlement was already signed by the parties and submitted to the Commission, had any bearing on this issue. On this point, we agree with the reasoning of the New Mexico Supreme Court that the “death of a party after agreement has been reached” simply does not implicate “the sole [statutory] basis ... for disapproval of the settlement.” Rojo, 759 P.2d at 197. Accordingly, there was no mistake of any material fact that justified vacating the parties’ settlement, and the Commission erred as a matter of law when it vacated its prior order approving the settlement.
¶ 16. For the foregoing reasons, we reverse the Commission’s decision vacating its prior order approving the parties’ settlement. Because the Commission concluded that Taylor’s death required it to vacate the settlement, it did not address Reliance Well’s alternative allegation that the settlement was based on a misrepresentation of fact, namely, Taylor’s future wage-earning capacity. The Commission has limited authority to reopen a previously settled case based on a material misrepresentation of fact. See Bailey Lumber Co., 401 So.2d at 708. On appeal, the parties have not addressed this issue, which should be decided by the Commission in the first instance. We leave to the Commission to decide whether Reliance Well’s allegation of a misrepresentation is sufficient to warrant any further proceedings.
¶ 17. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REVERSED, AND THIS CASE IS REMANDED TO THE COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
*266 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, GREENLEE AND WESTBROOKS, JJ, CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. We refer to the employer and carrier collectively as "Reliance Well.”

. This amount reflected $48,988.82 in disability compensation, $4,755,75 to provide for anticipated future medical expenses, and attorneys' fees of $17,914.86. The application reflected that Taylor's alleged average weekly wage at the time of his injury was $824.79 and that he had already received temporary total disability benefits in the amount of $32,718.

. The record on appeal does not reflect a formal substitution of parties, and neither side has invoked the procedures for substitution of parties under Mississippi Rule of Appellate Procedure 43(a), Nonetheless, we will decide the appeal on its merits because Taylor’s “death does not foreclose our ability to grant the relief requested.” Timms v. Pearson, 876 So.2d 1083, 1084 n.1 (Miss. Ct. App. 2004).

. In rebuttal, Reliance Well noted that the affiant, David Busha, was also Taylor’s brother.

. In Alabama, workers’ compensation disputes are decided in circuit court, and settlements require circuit court approval. See Ala. Code §§ 25-5-56 &-88.